## Bondurant, et al. v. Paducah & Illinois Ry. Co.

(Decided February 6, 1920.)

### Appeal from McCracken Circuit Court.

1.  Damages—Failure to Sustain Cause of Action For.—Where damages were sought for interference with the egress and ingress to lots in a suburban tract by the construction of a railroad across dedicated streets, and the proof shows that where the streets were crossed the defendant had constructed underpasses and new streets affording as good if not better means of ingress and egress to the lots, plaintiff failed to sustain her cause of action.

2.  Covenants—Restriction as to Use of Lots.—An alleged covenant restriction as to the use of defendant's lots in a suburban tract was not sustained by the averment that such restriction had been adopted as a custom or plan for the benefit of all lots therein by the original owner of the subdivision, but which restriction was not alleged or proven to have been incorporated in any deed or agreement under which defendant held title to its lots.

D. J. PARK for appellants.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant, Mary J. Bondurant, owns four and one-half vacant lots in what is known as the "West End Addition" of Paducah, Kentucky. She brought this action in equity to recover damages to same, alleged to have been caused by the wrongful construction by appellee of its railroad through West End Addition. The answer was simply a traverse of the material allegations of fact and some of the conclusions of law of the petition. The proof was taken by depositions and the cause submitted to the chancellor without objection. From his judgment dismissing the petition this appeal is prosecuted.

No negligence of any kind is alleged either in the construction or operation of the railroad. The railroad is built through West End Addition on a high embankment,

which, according to the testimony of her husband, is about one hundred and fifty feet from appellant's nearest lot, there being three lots of fifty feet each between her lots and the embankment.

The construction of the railroad through this addition is alleged to have been wrongful because in violation of certain covenant restrictions as to West End Addition property. In attempting to state these covenant restrictions or easements appurtenant to her lots, the petition in substance states:

First, that the "West End Improvement Company," before the purchase of her lots and the construction of the railroad, owned a large tract of land adjoining Paducah, which it divided and platted into lots and streets and alleys. That the streets and alleys so platted were dedicated and accepted as public highways in connection with the streets and alleys within the corporate limits of Paducah, for the use of all the lots in West End Addition, including plaintiff's lots.

Second, that she acquired her lots from one Flournoy and that in the deed from the West End Improvement Company to Flournoy was the following "covenant restriction:"

"Flournoy and his vendees bind themselves that they will not use or permit said lots to be used for sale or manufacture of spirituous, vinous or malt liquors thereon, or for the purpose of carrying on any business that may be injurious to health or in any way may become a nuisance to adjacent residents or damaging to adjacent property."

It is further alleged that in selling lots under such plat the West End Improvement Company "adopted and used as a common system of regulation and improvement for residence section purposes, a series of covenant restrictions and conditions for the private benefit of each and all the lots therein sold, as well as of each and all of the lots and lands therein still owned by such company; that the use of such restrictions and conditions so continued until the wrongful act of defendant complained of in this action; that plaintiff purchased her lots in full reliance upon such terms in the deeds therein under such system, and the deed from such company to George A. Flournoy; that the covenant restrictions employed in the Flournoy deed are the same terms of covenant restrictions and conditions used by such company as such com-

mon system or series in the sale of lots under such plat in such addition for the use and benefit of its own lots when sold, as well as for the lots sold to Flournoy, under whom plaintiffs own, and other purchasers.''

It will be noticed that it is not alleged that the lots covered by the defendant's right of way contained any such provision as was contained in the deed to Flournoy, under which appellant has title to her lots; nor was there any proof offered to that effect. Whatever may have been the custom or system of restrictions and conditions adopted by the West End Improvement Company in selling lots cannot form a basis for an action against a subsequent owner of one or more of the lots in such addition in the absence of an allegation and proof that such conditions were embodied in the conveyance under which the defendant holds title. The mere fact that the deed from the West End Improvement Company to Flournoy, under which appellant holds title, contains a restriction as to use of the lots thereby conveyed, could in nowise be binding upon others acquiring lots within such addition unless there was embodied in the deeds under which they hold title a similar restriction. It will be noticed too that it is not alleged that the West End Improvement Company made any agreement to or did embody in other conveyances it might make similar restrictions, but only that such was its custom.

It therefore seems clear to us that neither the petition nor the proof was sufficient to justify a recovery from appellee for a violation of any covenant restriction, since neither the restrictions in appellant's deed nor any other restrictions were alleged or proven to have been contained in any deed in appellee's chain of title to the lots upon which it constructed its railroad, or to have been binding in any way upon appellee.

The other alleged violation of an appurtenant right to appellant's lots is with reference to the streets and alleys in West End Addition, alleged to have been dedicated and accepted as public highways.

Admitting for the sake of argument only that there has been a technical violation of appellant's right as the owner of her lots to the use of certain dedicated streets and ways, the evidence shows conclusively that appellant's lots have not been damaged thereby. Every witness who testified for appellant that her lots had been damaged by the construction of the railroad, stated that

her means of egress and ingress had not been interfered with materially; that the underpasses and new streets constructed by the railroad company furnished as good, if not better, means of ingress and egress as the streets as originally platted. The entire damage fixed by these witnesses to appellant's lots results, they say, solely from the proximity of the railroad to her lots, making them less desirable for residential purposes and depreciating their salable value, but this depreciation in value, in the absence of a violation of some contract right, or covenant running with the land, cannot be charged against appellee, since, except where thus prohibited, a railroad company has the same right as any one else to acquire for its use such property as it may need, and without liability in damages to persons whose property it does not touch or invade in any manner whatever.

The many cases cited by counsel for appellant wherein some covenant restriction running with the land had been violated and damages were allowed for the violation of such covenant restriction, are all good law, but have no application whatever to the facts of this case.

For the reasons indicated the judgment is affirmed.