## Louisville & Nashville Railroad Company v. Johnson et al.

(Decided March 28, 1930.)

ASHBY M. WARREN, O. H. POLLARD, J. R. BUSH, HUNT &
BUSH and C. S. LANDRUM for appellant.

Note: No brief was filed for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Revers-.
ing.

By this condemnation proceeding, the appellant
seeks the acquisition of 4.07 acres of the appellee's farm
for the purpose of constructing a railroad. The farm
lies between the two arms of a large bend of the middle
fork of the Kentucky river. It is bounded on its north-
erly and southerly side by the river and on its easterly
side by the land of James Madison Johnson, which lies
between appellee's farm and the tip of the bend of the
river. The property sought to be condemned is a strip
running along the eastern edge of the appellee's farm
and from one of the arms of the bend of the river
to the other. The taking of this strip does not separate
the appellee's farm into two parcels, but does cut it off
from the land of James Madison Johnson. In the circuit
court, the jury awarded the appellee $500 for the strip
taken, $200 for fencing, and $800 for damages done to
the rest of the farm by the taking of the strip. The
appellant seeks a reversal of the judgment on the
grounds: (a) That it is excessive; (b) error in refusing
to give offered instructions; and (c) error in the admis-
sion and rejection of testimony.

Considering these grounds in their reverse order,
we find that one of the witnesses for the appellant had
testified that in his judgment the taking of the strip
would not decrease materially the value of the appel-
lee's farm. On cross-examination he was required to
answer over appellant's objection that he had been paid
$3,500 by the appellant for a right of way through his
farm. Thus the appellee got before the jury what other
people in the neighborhood were being paid by the
appellant for a right of way through their lands. Such
testimony was incompetent, as we expressly decided in
the cases of C., St. L. & N. O. R. Co. v. Ware, 220 Ky.

778, 295 S. W. 1000, and Commonwealth, by State Highway Commission, v. Combs, 229 Ky. 627, 17 S. W. (2d) 748. In view of the size of the verdict measured by the evidence as to the value of the appellee's farm, we cannot say that the admission of this incompetent evidence was not prejudicial. For this reason the case will have to be reversed.

Inasmuch as the verdict may be different in size on the next trial and the evidence may not be the same, we shall not pass on the question whether this verdict is excessive or not, but shall reserve that question.

As to the alleged error in refusing to give instructions offered by the appellant, it is not claimed that the instructions which were given, and which are the standard ones in cases of this character, were themselves erroneous, but it is earnestly insisted that the instructions offered by appellant should also have been given. In order to understand its contention, it is necessary to say that in condemning the strip here involved, the appellant destroyed a passway leading from appellee's farm to the land of James Madison Johnson and thence through the latter's land to a public road and also destroyed another passway on appellee's farm leading to a ford in the Kentucky river. As to the latter passway, the evidence satisfactorily discloses that the appellee and his predecessors in title after crossing the ford had, for over 35 years, been using a passway through the lands on the other side of the river to a county road. In this state of the record, the fair inference is that the appellee had established a prescriptive right to the passway from the ford to the county road. So far as the passway which led up to the land of James Madison Johnson is concerned, the evidence shows that there was a branch passway leading off of the main passway near the land of James Madison Johnson and running through appellee's farm to a part of it which lay between the base of a cliff and the river and access to which would be materially circumscribed by the destruction of this main and branch passway. The evidence fails to disclose, however, that the appellee had any right after reaching the lands of James Madison Johnson to leave his passway and travel through the lands of James Madison Johnson to the public road. The taking of the strip sought to be condemned, will destroy appellee's passway to the lands of James Madison Johnson and the branch passway to the lands of appellee at the base of the cliff.

It will also destroy the ford. Appellant contends that appellee can easily establish another ford beside the old one, but the evidence for appellee contradicts that of the appellant upon this matter, making the issue one for the jury. The appellant stipulated that it would substitute another passway for the one leading to the land of James Madison Johnson and which it proposed to destroy. The evidence failed to disclose, however, that the substitute passway would afford the appellee a substitute passway to his lands between the cliffs and the river, although it would afford him access to the land of James Madison Johnson. In this state of the record, the appellant offered an instruction to the effect that the appellee was entitled to no damage because of the destruction of his passways. Appellant was not entitled to this instruction, because, at least so far as the ford is concerned, appellee had a right to its use, and if it was destroyed, as he contended, he was entitled to such damages as his farm sustained by reason of its destruction. The same is true with reference to the other passway in so far as it gave appellee access to his lands between the cliff and the river. He was not, however, entitled to any damages because of his inability to reach the James Madison Johnson land because, so far as this record shows, his right to go over the land to the public road was purely permissive and one which could be withdrawn from him at any time. Further, the substitute passway afforded the appellee practically the same access to these lands of James Madison Johnson as did the old passway, and hence appellee was not damaged in this regard by the destruction of the old passway because of the substitution of the new. See Bondurant v. Paducah & I. Ry. Co., 186 Ky. 794, 218 S. W. 257. If on the next trial the evidence is the same as on the last trial, the court will in instructing the jury advise them that they cannot take into consideration the destruction of appellee's passway in so far as it gave appellee access to the James Madison Johnson land.

The judgment is therefore reversed, with instructions to grant the appellant a new trial in conformity with this opinion.