## Louisville & Nashville Railroad Company v. Williams et al.

(Decided June 6, 1930.)

ASHBY M. WARREN, C. S. LANDRUM and POLLARD & POLLARD for appellant.

WILLIAMS & ALLEN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellees are the owners of a farm in Breathitt county containing about 262 acres of land. In outline it resembles a low-cut shoe. It lies in a bend of the Kentucky river, which, to continue the illustration, flows along the sole of the shoe to the toe, then over the toe and up the tongue of the shoe to about where it reaches the instep. The appellant proposed by this proceeding to condemn a right of way through this farm from the upper part along its eastern boundary and across the instep to the sole. The proposed road of the appellant enters from the Kentucky river, the northernmost part of the farm; crosses a part of the bottom land of the farm on a hill, and then enters and runs up the valley of Granny branch through a gorge to the point which we have in our illustration designated the "instep." The proposed right of way then leaves the valley of Granny branch, and by means of a tunnel pierces from the north a ridge on appellee's farm. At this place on the farm the ridge more or less parallels the sole of the shoe and divides the appellees' farm into two parts. The road emerges from the tunnel on the southern side of the ridge, crosses a country road that runs around appellees' farm in close proximity to the river, crosses the bottom lands of the farm lying between the foot of the ridge and the river, and makes its exit from the farm by means of a bridge across the river. The total amount of land comprised within the right of way is 7.8 acres, of which a little over 2 acres is bottom land, and the rest is rough, cliffy mountain land. A large portion of the land not comprised within the bottom lands covers the proposed tunnel. On a trial in the circuit court on an appeal from the verdict found in the county court, the jury awarded the appellees "$1,100 for land taken, $350 for the destruction of a road, $400 for fencing and $650 damages done the rest of the farm," or a total of $2,500. From the judgment entered on this verdict, this appeal is prosecuted.

In substance, two grounds are urged for reversal: First, that the verdict is excessive; and, secondly, errors in instructions. Some complaint is made that the court did not permit the jury to inspect the premises, but, as the record indicates that this farm was remotely situated, and access to it was difficult, we cannot say that the court

violated a sound discretion in overruling the appellant's motion to have the jury view the premises. Indeed, appellant does not stress the point in this court.

So far as the complained of error in instructions is concerned, while instruction No. 1, as copied in the bill of exceptions first brought to this court, is plainly erroneous, yet it developed that this instruction had been wrongly copied by the clerk, and by an agreed order the instruction as given has been filed in a supplemental bill of exceptions. The instruction as given fully answers the criticism of the appellant of the instruction as first sent to this court.

We are then left only with the complaint of the alleged excessiveness of the verdict. It has been very difficult to follow the evidence in this case. A very good map of the appellees' farm and the proposed right of way was filed, but in testifying the witnesses in using this map would take a pointer and say ''beginning here'' and ''running there'' and ''coming around here'' and the like, but just where the ''here'' to which they were referring is on the map it is impossible in most instances to guess. Counsel and witnesses will greatly aid this court by putting some mark of identification on the maps when the witnesses are using them in their testimony. We have urged this upon the bar from time immemorial, but unfortunately we do not seem to have been able to impress upon it the importance of our suggestion. Returning to the evidence in this record, we find that, with one exception, the appellant's witnesses confined their testimony on values to the value of this farm per acre, and do not say what the market value of the farm as a whole was before and what it would be after the proposed right of way had been taken. On the other hand, all of the witnesses for the appellees confined their testimony to this difference in market value. However, giving due weight to the testimony of both sides, it seems fair to say that the bottom lands of this farm would not bring in excess of $200 an acre, and, this being true, $400 would be all that the bottom land taken is worth. It is very difficult to arrive at what a fair price for the rest of the land taken is, because in the first place a large part of it is included in the tunnel. By a stipulation, the appellant agreed that the appellees could use forever the land over the tunnel for all purposes whatsoever, agricultural or otherwise, and as though there were no tunnel beneath it. This being true, if in after years the appel-

lant did away with this tunnel and constructed an open cut, it would then have to pay the owners of the farm for the use of the land over the tunnel which by this stipulation goes with that land and which would be destroyed by the open cut. Hence it is apparent that, in so far as the tunnel is concerned, the land of the appellees is not wholly taken. On the northern side of the tunnel, the route of the proposed right of way up Granny's branch runs through a sort of gorge, and the land is very rough and rugged. It is practically all of no value for agricultural purposes, and there is very little, if any, timber upon it. In the light of what use the land of the proposed right of way outside of the bottom lands could be put to, we conclude from the evidence that some price between $25 and $35 an acre is about all that could be expected. It inevitably follows that the verdict of $1,100 for the land actually taken is out of all reason and is grossly excessive.

The jury awarded $350 for a road. This road consists of the bed of Granny's branch and has been used by the appellees and their tenants of that part of the farm that lies to the north of the ridge which divides appellees' farm to get the farm products raised upon that part of the farm, and perhaps some timber cut therefrom down to the Kentucky river where Granny branch empties into it and to the county road which skirts the river at that point. The evidence shows that without the use of this road access to this part of the farm would be very difficult, if not cut off entirely. But the obstacle which appellees meet on this branch of the case is their failure to show that they have the right to use more than half of the bed of Granny branch, the half on the side upon which their farm abuts, and which is not over 4 feet in width, the branch itself being only about 8 feet wide. The record does not establish that the use of half of this branch is practicable for a road. The appellant now owns, and did own at the time of the trial, the land on the other side of Granny branch and the other half of the bed of Granny branch.

Such use of Granny branch as the appellees have heretofore enjoyed has been, so far as this record shows, entirely permissive, and hence they are not entitled to any damages for the destruction of that use, at least where, as here, the condemnor has the right to withdraw the permission heretofore enjoyed. Cf. Louisville & N. R. Co. v. Johnson, 233 Ky. 628, 26 S. W. (2d) 535. With-

out the use of the other half of the bed of Granny branch, the use of the half which appellees own is, so far as this record discloses, of no material value. Hence the verdict as to the value of the road finds no support in the testimony, and if on the next trial the evidence as to this road be the same as on the last, the court will take from the jury any consideration of its value.

So far as the item for fencing in the verdict is concerned, we cannot say in the light of the testimony of the appellant's own engineers that this amount is grossly excessive. The amount of footage to be built and its upkeep in after years support the amount of the verdict upon this issue.

As to the last item in the verdict of $650 damages which result to the rest of the farm because of the taking of the strip for the proposed right of way, we express no opinion at this time, as the evidence on this question, and especially on the difficulty of getting the produce and timber from the northern part of the farm out to the county road, may be different on the next trial from that of the first, and this question is now reserved.

For the reasons hereinbefore set out, the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.