## Hamlin v. Durham et al.

(Decided November 7, 1930.)

BETHURUM & BIRD and C. C. WILLIAMS for appellant.

J. J. FELTON and H. H. DENTON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, M. L. Hamlin, and the appellees, George Durham and Maggie Durham, own adjoining lots in the residential section of Mt. Vernon, a town of the sixth class. Appellees propose to erect a storeroom on their lot, but whether as an addition to their residence or as a separate building does not appear. By this action appellant sought to enjoin the erection of the building. He procured a temporary restraining order from the clerk of the Rockcastle circuit court which the lower court dissolved. The lower court also sustained a

demurrer to the plaintiff's petition as amended, and, from a judgment dismissing the amended petition, the plaintiff has appealed.

It is alleged in the petition: "That the defendants herein are about to build a store room near the said adjoining line and near said Richmond street in such a manner as will result in a permanent injury to the plaintiff's property. States that said building will detract from the appearance of his residence and be an eye-sore in such residential district and will render his property less valuable and less attractive. Further states that the use of said building as a store will create a nuisance to him and to the residential district in which the said property is located." No elaboration is required to show that the petition stated no facts authorizing injunctive relief. The material portion of the amended petition reads as follows:

"The plaintiff for amendment to his petition herein states that the defendants are proposing to and will construct the building set out and described in the original petition unless prevented by the injunctive processes of the court, notwithstanding they have failed to procure a permit from the Board of Trustees of the town of Mt. Vernon, Kentucky, giving them the legal right to so erect said building; that there is now and was at the time of the filing of the original petition in full force and effect an ordinance requiring all persons desiring to erect buildings on their property to procure a permit from said board which said ordinance is in full set out in words and figures as follows:

"Plaintiffs further aver that the defendant, George Durham, is not suitable person to put in charge of a building such as the defendants propose to erect at said place and judging from the manner in which he undertook to injure and destroy the business property of his landlord some few months ago, when he then and there undertook to set fire to the business property of Mrs. Mollie Rider, which said property the defendant George Durham was then leasing for grocery and feed business, but which lease was forthwith cancelled because of his said conduct; that the adjoining residence and property of the plaintiff herein would be in grave danger from destruction if the defendants should succeed in erect-

ing the said building at the place described in the petition and the plaintiff now comes and avers that his property would be imperiled and greatly endangered and he would be deprived of a reasonable and quiet enjoyment of the same by the erection of said building; that the erection of said building would at once become a nuisance per se to the plaintiff and all other good citizens and would greatly damage the property of the plaintiff and cause it to depreciate in value to great and irreparable loss to the plaintiff.''

The amended petition failed to set out the ordinance referred to therein, and, as courts are not authorized to take judicial notice of ordinances of cities of the sixth class, the allegations in the petition as to the contents of the ordinance amount to nothing more than conclusions of the pleader. City of Owensboro v. McFall, 152 Ky. 628, 153 S. W. 969.

A store building is not a nuisance per se, but a lawful structure. Where it is sought to enjoin an anticipated nuisance, it must be alleged and proven that the proposed construction or the use to be made of the property will be a nuisance per se, or that a nuisance must necessarily result from the contemplated act or thing. An injunction will not be granted on the ground merely of anticipated danger or in apprehension of it, but there must be at least a reasonable probability that the injury will be done if no injunction is granted. A court of equity should enjoin a threatened or anticipated nuisance only where an irreparable injury will necessarily result. The allegations of appellant's petition as amended do not measure up to this requirement, and the lower court properly sustained the demurrer thereto.

Judgment is affirmed.