## Lawson et al. v. McGregor.

(Decided Dec. 17, 1937.)

**168**

FORESTER & CARTER for appellants.

C. B. SPICER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, Horace McGregor, was at the time of the transactions here involved a resident and citizen of the town of Wallins, Ky., which is one of the sixth class. He owned a vacant lot in one corner of the junction of Main and Howard streets therein, and he began preparations to construct thereon a one-story loghouse with a metal roof. After collecting some materials on the lot for that purpose, he was informed that there was an ordinance of the town creating a building zone, and which forbade the construction of houses within it of combustible material, his lot being within that alleged zone. An investigation by him developed no such ordinance and be began his work of construction, when he and his contractor, and other help necessary for the purpose, were threatened to be arrested. He then filed this action in the Harlan circuit court against the chairman of the board of trustees of the town and the members thereof—joining with them other enforcement officers of the town—and in his petition he set out with elaboration the facts we have stated, and charged that, unless defendants were enjoined, he and all the members of the force employed in constructing his house would be unlawfully arrested, harassed, prosecuted, etc., and he asked that defendants be enjoined from committing such molestations, upon the ground that there was no ordinance forbidding the erection of his house at the place and out of the material upon the lot he contemplated doing so. There was a temporary restraining order issued at the time of the filing of the petition pursuant to plaintiff's motion therefor.

Later in the proceedings a motion was made to discharge it, but it was not acted on until the building was

completed and, perhaps, occupied. On the hearing of the motion to discharge the temporary restraining order defendants relied on an alleged ordinance that they claim was passed on December 27, 1932, and they filed a copy of it, the contents of which appeared to have created the fire zone, with the prohibitions that plaintiff is alleged to have violated; but that paper, so claimed to be an ordinance, was resurrected from a person who at that time had no connection whatever with the town but was an ex-secretary of the board of trustees. No record book was produced, and the alleged ordinance was not approved by the mayor, nor otherwise authenticated according to the provisions of section 3700 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, which is a part of the charter of cities of the sixth class. The section says in part: "Every ordinance shall be signed by the chairman, attested by the clerk, and published at least once in a newspaper published in such town, or written or printed and posted in at least three public places therein, and shall be in force from and after the publication thereof." The alleged ordinance, not being authenticated as required by the charter of the city, was abandoned by defendants, and in their later filed answer they relied on an alleged ordinance, No. 69, which they averred was duly enacted on August 14, 1923, creating the same fire zone, and which purported to enact that any one who violated its provisions should be deemed guilty of a misdemeanor and subject to a fine of not less than $5 nor more than $25 for each day that he permitted such forbidden building to stand.

Defendants made their answer a counterclaim against plaintiff, and asked for a mandatory injunction requiring him to remove the log building from his lot. Plaintiff's reply put in issue the fact of there being any such Ordinance No. 69; whereupon evidence was taken, and by the time it was completed plaintiff's building was also completed; but before the cause was submitted. he dismissed his action without prejudice. Defendants' counter action to require plaintiff to remove his building was then heard and the right to the relief was submitted to the court. It entered judgment dismissing the counterclaim, to reverse which defendants prosecute this appeal.

At the threshold a question suggests itself to the court (but which is not argued by counsel for either side) as to the right of a court of equity to grant the

relief sought by defendants' counterclaim, since it is bottomed upon the theory that plaintiff's building—being contrary to the provisions of the alleged ordinance—partakes of the nature of a public nuisance and the removal of it, as the counterclaim seeks to do, is in the nature of an abatement of that nuisance. There would be no doubt of the propriety of that remedy if the ordinance did not provide for a penalty for its violation, which, as we have seen, is a fine of not less than $5 nor more than $25 for each day of its continuance. Since, however, neither side presents that question, we have concluded to dispose of the case as though the procedure was entirely free from doubt.

Defendants' counsel embark in a discussion of the rule permitting parol proof to establish lost records, and many cases are cited on that branch of the law of evidence. But they have no bearing on this case, since the alleged Ordinance No. 69, upon which defendants rely, or what purports to be it, was produced and became a part of the record. That document, so alleged to be an authenticated copy of Ordinance No. 69, as introduced in the trial below, consists of two carbon made sheets—they being numbered 1 and 3—it being conceded by defendants that they were unable to find sheet No. 2. Sheet No. 1 contains what purports to be the title to an ordinance which is designated thereon as No. 69. It also contains the enacting clause, and its first four sections and a part of section 5. On the back of it is this indorsement: "All done at a regular meeting of the board of trustees of the town of Wallins Creek, March 1, 1923. Attest ——— Clerk. Approved, this 1st day of March, 1923, W. K. Howard, Chairman." As typewritten the month of that indorsement reads "February," but it is struck out with an ink mark and the word "March" is written with pen above it. It will be perceived that no clerk attested that indorsement as it appears on the back of that sheet and there was no other record, in book form or otherwise, of its ever having been ordained as an ordinance. It, as well as sheet No. 3, was found in some more or less cast-off papers in the office of the police judge of the town, and there is no proof to show how it became so located, unless that officer obtained it for his use in its enforcement by him if it should become necessary.

Turning now to sheet No. 3, it begins with section 10 of whatever ordinance it was or is a part, and there

appears upon it five sections of some sort of supposed ordinance. It is attested by George B. Howard, clerk, and W. K. Howard, chairman of the board of trustees, and is dated August 14, 1923; while the indorsement on the back of sheet No. 1, as we have seen, is dated March 1, 1923. The discrepancy in those dates clearly indicates that the two sheets (1 and 3) are not parts of the same ordinance. But the truth of that fact is further demonstrated by the contents of the two sheets alleged to be parts of Ordinance No. 69. The written material on sheet No. 3 clearly refers to some ordinance relating to the maintenance of picture shows, or rather the machines by which the pictures are thrown on the screen, since it provides for inspections thereof by the chief of police, and for directions to be given by him to the operator of picture shows when any correction is needed for the prevention of fires.

We have held in the cases of Nevin v. Roach, 86 Ky. 492, 5 S. W. 546, 9 Ky. Law Rep. 819; Baker v. Combs, 194 Ky. 260, 239 S. W. 56, and Town of Kevil v. Hawthorne, 205 Ky. 426, 265 S. W. 937, that ordinances of towns of the sixth class may be proved by a duly certified copy of the ordinance and that it is not necessary for it to be spread upon the records of the town, although in the Kevil Case we specially condemned the practice of not spreading the ordinance on the town's records. Therefore, in this case the two sheets of paper relied on—and to which we have referred— if they were complete and shown to be parts of the same ordinance would suffice, under the opinions referred to, to establish the existence of the ordinance. However, there are two fatal defects in the proof heard upon the trial of this case for it to have that effect, which are: (1) The absence of sheet No. 2; and (2) the incomplete authentication of sheet No. 1. On that sheet (No. 1) is the only material relating to the alleged fire zone and the inhibitions contained in it. Nothing relating to such matters is found on sheet No. 3. They are clearly not parts of the same ordinance. Not being so, and sheet No. 1 not being properly authenticated, it results that no ordinance of the kind and character contended for by defendants was proven at the trial, and the court properly dismissed the counterclaim by refusing to grant the injunction therein prayed for, even if it had jurisdiction to do so in the circumstances of the case.

Moreover, if it were conclusively shown that the

172

two sheets introduced at the trial (Nos. 1 and 3) were parts of the same ordinance—with sheet No. 2 absent therefrom and no effort made to prove its contents—the result would be the same, since courts will not attempt to enforce enacted laws unless the entire law is before it so as to determine whether or not the absent parts modify or qualify those that are present and made part of the record. It will decline to enforce fragments only. That is especially true with reference to ordinances of sixth class cities in this commonwealth because of the fact that courts do not take judicial notice of ordinances of towns of that class. Hamlin v. Durham, 235 Ky. 842, 32 S. W. (2d) 413.

Wherefore, for the reasons stated, the judgment is affirmed.