**KING et, Plaintiffs-Appellees, v. JAMES et, Defendants-Appellants.**

Ohio Appeals, Second District, Greene County.

No. 515. Decided September 15, 1950.

Miller & Finney, Xenia, for plaintiffs-appellees.
Pickrel, Schaeffer & Ebeling, Dayton, Wead & Aultman, Xenia, for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal on law and fact from the judgment of the Common Pleas Court of Greene County, Ohio, which issued a permanent injunction prohibiting the operation of a drive-in theatre.

The case has been submitted to this Court on the record taken in the trial court.

The record shows that the appellant, Paul James, in 1943 purchased a sixty-one acre farm on the east side of the old Springfield Pike and about three-quarters of a mile north of Xenia, Ohio. This farm was situated in an agricultural area. On this farm James built a stock barn, part of it

being used for living quarters. James was in the business of raising and training young horses. He laid out a cinder exercise tract on the low ground which bordered on the pike. In 1944 James filed for record a plat containing eight lots fronting on the pike and on a high, wooded area south of the cinder track. This plat contains restrictions as to use of the property, the object being to permit said lots to be used only for residential purposes. Several of the plaintiffs are either purchasers of said lots, or derive title from the original purchasers of said lots. In 1945 James laid out four more lots immediately to the rear of Lots 1, 2, 3 and 4.

The last four lots were sold without restrictions upon the request of the purchasers. One of the purchasers expressed the desire to use the rear lot for purposes other than residential. Later in 1945 James sold to one of the plaintiffs, without restrictions, a tract of land which lies between the platted lots and the low ground · upon which the cinder track was situated, and at about the same time sold, without restrictions, to one of the plaintiffs a five-acre tract which lies immediately east of the 12-acre tract in question, with an easement over the 12-acre tract for ingress and egress and for utility purposes. In February, 1950, James sold a small tract immediately to the rear of Lots 6 and 7 of the original plat, the conveyance containing a restrictive covenant limiting the use of the property to residential purposes. On March 9, 1950, James leased the 12-acre tract on which was situated the cinder track to the Sundown Cruise-in theatre. James reserved the right to exercise horses on the cinder track. The lease makes no mention of other land sold off the original 61-acre tract, or any restrictions applicable to the lots or tracts already sold. The record shows that James did not inform the lessee concerning the previous sale of lots and tracts and restrictions applicable thereto; neither did the lessee inquire, nor was it otherwise informed as to the previous sales of lots and tracts and applicable restrictions. Consequently, the appellant corporation did not have constructive notice through the chain of title, neither did it have actual notice of any restrictions on lots and tracts.

Several days after the lease was executed Williams and Pratt, officials of the Sundown Cruise-In, Inc., staked out the ramps and began pouring concrete for the footings for the structures. At this stage of operations the action for injunctive relief was instituted. Trial began on April 20, 1950, and the decision of the trial judge was announced on June 21, 1950. Upon request the trial court rendered a

separate findings of fact and conclusions of law on July 3, 1950. On the same day the final decree was entered. At the time of trial, and on the day the final decree was entered, the theatre had not been operated. During the progress of the case in the trial court the appellant corporation was permitted to continue with the construction of the theatre, since no temporary injunction was sought nor issued.

Notice of appeal was filed on July 5, 1950, at which time the theatre was ready for operation and under an order of this Court the appellant corporation was permitted to operate the theatre pending the disposition of the appeal in this Court.

The trial court held that the operation of the theatre would constitute a nuisance and that there was an implied covenant binding upon James not to use the 12-acre tract for purposes other than residential.

We are convinced, and apparently it is now conceded, that a drive-in theatre is not a nuisance per se. **Vol. 30 O. Jur., pp. 356, 382;** Vol. 52 Am. Jur., page 288 to 290. It may become so by the manner of operation. There is no evidence before the Court as to the manner of operation of the theatre by appellant corporation. Evidence was introduced in the trial court to show the manner of operation of other drive-in theatres. In view of the fact that a drive-in theatre is not a nuisance per se we cannot consider this evidence in determining whether the appellant corporation would conduct a nuisance. This case being tried de novo, evidence could have been presented to show the manner of operation of the theatre by the appellant corporation during the pendency of the appeal in this Court. No effort was made to do so.

It is clear from the record that James had never adopted a general plan or scheme of uniform restrictions whereby the entire 61-acre tract was restricted to use for residential purposes. The principle of law controlling in that class of cases is not applicable here. James was not bound, either in law or equity, to restrict the use of the 12-acre tract to residential purposes under the principle applied in Carmichael v. Paul, 18 C. C. N. S. 259; **Wallace v. Clifton Land Company, 92 Oh St 349,** 110 N. E. 940; **Adams v. Donovan, 97 Oh St 83,** 119 N. E. 252.

The lessee was under no legal duty to search the record of other properties adjacent to the 12-acre tract on which it took a lease. **Kiley v. Hall, 96 Oh St 374,** 117 N. E. 359.

Furthermore, James was under no obligation to inform the lessee with reference to restrictions contained in conveyances of lots and tracts previously sold.

But it is contended by the appellee that the land retained by James, particularly the 12-acre tract leased to the appellant corporation, was subject to a reciprocal negative easement. This doctrine is to the effect that where the owner sells a portion of a tract, or lots, the conveyances containing restrictive covenants which would be beneficial to the land retained by the owner, the servitude becomes mutual, and during the period of restraint the owner of the lot or tract retained can do nothing forbidden to the owner of the lot or tract sold. In support of this doctrine appellees cite two cases, Sanborn v. McLean, 233 Mich. 227, 206 N. W. 496, and LaFetra v. Beveridge, 124 N. J. Eq. 24, 199 A. 70. The Sanborn case involved a plat of 91 lots, restrictions being placed on 53 lots on the plat. The court found that the common owners of all the lots followed a general plan limiting the use of the lots for residential purposes. The same court later, in Denhardt v. DeRoo, 295 Mich. 223, 294 N. W. 163, found this fact to be essential in order to establish a reciprocal negative easement. The factual situation in the case at bar does not support a finding that James, the common owner, adopted or followed a general scheme or plan of imposing uniform restrictions. In the LaFetra case the court found that there was a neighborhood plan or scheme of development which was followed. The Court held that there was an implied covenant binding on the common owners to restrict the use of the land retained. This doctrine has never been applied in Ohio. The rationale of the decisions in Ohio run counter to the application of this doctrine. Kiley v. Hall, supra; Adams v. Donovan, supra; **Hunt v. Held, 90 Oh St 280, 107 N. E. 765; Smith v. Volk, 85 Oh Ap 347, 86 N. E. (2d) 30; Grant v. Hickok Oil Co., 84 Oh Ap 509, 87 N. E. (2d) 708; Edwards v. Trailer Park, 84 Oh Ap 518, 88 N. E. (2d) 187; Olmsted v. Schrembs, 30 Oh Ap 430, 165 N. E. 51; Blum v. Hodapp, 55 Abs 203.**

The doctrine of reciprocal negative easement has been rejected in other states. For reference, see McCusker v. Goode, 185 Mass. 607; Kuhn v. Saum, 316 Mo. 810; Beetchenow v. Arter, 45 R. I. 133; Bondurant v. Paducah Ry. Co. 186 Ky. 794; Kessler v. School District, 346 Pa. 305; Wing v. Forest Lawn Cemetery Assn., 15 Cal. (2d) 472; Bristol v. Woodward, 251 N. Y. 275; Bibney v. Stockdale Corp., 20 Del. Chanc. Rep. 272.

The injunctive relief sought by the plaintiffs-appellees will be denied on the ground that there is no showing that the operation of the theatre is a nuisance and that the 12-acre tract leased to the appellant corporation is not bound

by a reciprocal negative easement which would restrict the use of the property for residential purposes. An entry may be drawn accordingly.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.