## City of Somerset et al. v. Sears et al.

October 27, 1950.

R. C. Tartar, Judge.

Sam C. Kennedy, Joe E. Caylor, and Smith & Leary for appellants.

Smith & Blackburn for appellees.

CLAY, COMMISSIONER—Reversing.

This is an appeal from a judgment permanently enjoining the officials of Somerset from issuing a permit to the Somerset Drive-In Theatre Company, and per-

manently enjoining that company from constructing or operating a proposed drive-in theatre in the city.

Appellees are residential owners who live near the proposed site of the theatre. Their pleadings allege that the City Board of Council will grant a permit to the appellant company under an ordinance providing therefor. They further allege: the site of the proposed theatre grounds is in a quiet residential subdivision of the city somewhere near a hospital; the proposed operation will accommodate 400 automobiles; that the lights, crowds, conjestions, and noises would constitute a nuisance, would depreciate the value of their property, would be injurious to the health of those residing in the community, and would destroy the quiet and peaceful use and enjoyment of their homes. Appellants, having elected to stand on their demurrer to appellees' petition as amended, admit the facts well pleaded, though of course they do not admit the legal conclusions.

The decision of the Chancellor appears to have been based on the ground that the permit which the city officials proposed to issue was illegal and void because it would constitute the grant of a special privilege. We do not think it necessary to go into the ramifications of this question because it does not affect the merits of the controversy. If such a permit was void, then the company could go ahead with the construction and operation of its theatre without a permit, since there are no zoning or other regulations of the city which restrict the use of the company's property. If it is a valid permit for certain purposes, then the company would have the necessary authorization.

The real issue in the case as we see it is whether or not the neighboring property owners may enjoin the proposed operation of a conventional drive-in theatre on the ground that it will constitute a nuisance.

Nuisances have been aptly defined in 39 Am. Jur., Nuisances, Section 2, as: "that class of wrongs which arises from the unreasonable, unwarrantable, or unlawful use by a person of his own property and produces such material annoyance, inconvenience, discomfort, or hurt that the law will presume a consequent damage."

It will be noted that when the proposed business is not unlawful, the essential elements of a nuisance are

the *unreasonable* use of property which causes *material* annoyance, inconvenience or discomfort. Courts of equity have always been reticent about enjoining the use of property for a legitimate purpose, on the ground that it may become a nuisance, because ordinary businesses can be carried on in such a manner as not to unreasonably interfere with the substantial rights of neighboring property owners.

This Court has, however, enjoined the conduct of entertainment enterprises prior to their actual commencement where the facts show that the activity proposed will almost certainly cause actual injury. See Commonwealth v. McGovern, 75 S. W. 261, 25 Ky. Law Rep. 411, and Dulaney et al. v. Fitzgerald et al., 227 Ky. 566, 13 S. W. 2d 767, involving a prize fight and a circus respectively.

An excellent statement of the rule is found in Hamlin v. Durham et al., 235 Ky., 842, 32 S. W. 2d 413, where the Court, in refusing to enjoin the erection of a store building stated, 235 Ky. at page 845, 32 S. W. 2d at page 414: ''Where it is sought to enjoin an anticipated nuisance, it must be alleged and proven that the proposed construction or the use to be made of the property will be a nuisance per se, or that a nuisance must necessarily result from the contemplated act or thing.''

In Board of Education of Louisville v. Klein et al., 303 Ky. 234, 197 S.W.2d 427, we reversed a judgment of the Chancellor enjoining the use of a high school stadium in Louisville for night football games. The basis of this decision was that no proven facts had clearly stigmatized the proposed activity as an offensive thing.

It is clear the controlling consideration in this case is whether or not the facts stated in appellees' petition as amended show clearly that a material invasion of appellees' rights will *necessarily* result from the operation of the proposed drive-in theatre. It is not enough that the activity may result in inconvenience, or annoyance; or that it may make appellees' homes less desirable places in which to live. See Pfingst v. Senn, 94 Ky. 556, 23 S. W. 358. We must always bear in mind that one property owner has the right lawfully to use his premises as he sees fit, unless such use will necessarily constitute an unreasonable invasion of his neighbor's rights.

With this principle in mind, let us re-examine the allegations of appellees' petition as amended. These pleadings show that the proposed drive-in theatre will be of modern and conventional type. It will have "in-the-car" loud speakers and will have a concession stand and rest rooms. There is nothing to indicate that the structure itself, that is, the screen, buildings, and enclosure, will create any particular offense. The principal objection seems to be that up to a maximum of 400 automobiles for each show will go in and out of the theatre entrance, thereby creating noises, lights and conjestions on the street in front of the theatre.

We are not aware of any case which has ever gone so far as to hold that the use of property for business purposes, which increases the traffic on the public streets in the vicinity, constitutes a nuisance. We wonder if appellees would have any legitimate complaint if appellants proposed to erect a conventional indoor theatre. Certainly the traffic situation would be much worse in that the patrons would be required to use the streets for parking purposes rather than parking off the street in an enclosure.

From appellees' pleadings it appears that in substance the neighboring property owners will be annoyed by the operation of a substantial business enterprise in a residential district. That is not enough. The proposed business is legitimate. Sufficient facts have not been alleged to show that its operation will of necessity constitute such material annoyance, inconvenience or discomfort as to constitute an invasion of appellees' rights. Such being the case, the Chancellor erroneously enjoined the construction or operation of the theatre.

It has heretofore been noted that the granting of the permit by the city was not material to this controversy. The Chancellor seems to have taken the view that such a permit constitutes the grant of a special privilege. It does not purport to do so. Its effect would simply be a certification that the proposed theatre did not violate any police regulations of the city. To the extent it purported to do more, it would probably be invalid. Appellees have not undertaken to attack the constitutionality of the ordinance under which the permit would be issued, and they are not in a position to do so because they have shown no interest in such ordin-

ance. Therefore the Chancellor erred in enjoining the city from issuing the permit.

The judgment is reversed with directions to dismiss appellees' petition.