WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE, PALMORE, and STEINFELD, JJ., concur.

**William F. FISHER and Helen Fisher, Appellants,**

v.

**URBAN RENEWAL & COMMUNITY DEVELOPMENT AGENCY OF LOUISVILLE, Appellee.**

Court of Appeals of Kentucky.

March 22, 1968.

Charles W. Hebel, Jr., Marvin C. Werle, Louisville, for appellants.

Robert W. Zollinger, Dennis J. Haugh, Louisville, for appellee.

OSBORNE, Judge.

This is an appeal by the landowner from the judgment in a condemnation case in which his land was taken by an urban renewal agency. The only error the landowner alleges is the failure of the court to grant a jury view.

KRS 99.420(7) provides, " * * * upon request of any of the parties, the court may, in its discretion, send the jury to view the premises * * *." This statute is permissive in nature and leaves the determination of a jury view to the judge's discretion. This differs from KRS 177.087, the highway condemnation statute, which makes a jury view mandatory if requested by either party. Therefore, we must look to the facts here to see if the judge abused his discretion under the statute.

Both parties requested a jury view. The trial judge overruled the joint motion stating, " * * * in view of the fact that it

is now seven years since the taking of the property, I think it would be best that the motion be denied." Neither party presented any argument that a jury view was needed nor evidence that the conditions and circumstances were the same as or substantially similar to those at the time of the taking. The property was an older business and apartment building in downtown Louisville. The description given by the various witnesses was clear and unambiguous. There was no confusing or complicated testimony that a jury view would have cleared up.

The only case decided under the urban renewal jury view provision is Urban Renewal and Community Development Agency of Louisville v. Fledderman, Ky., 419 S.W. 2d 741. There the judge took judicial notice that a substantial change had taken place in the general area. We held that his action in refusing a jury view was not an abuse of discretion. In several cases decided under the Railroad Condemnation statute KRS 416.050 which like this statute provides for a permissive view, the denial of a jury view was upheld. Commonwealth v. Crutcher, Ky., 240 S.W.2d 605; Kentucky National Park Commission ex rel. Commonwealth v. Russell, 301 Ky. 187, 191 S.W.2d 214; L. & N. R. R. Co. v. Williams, 234 Ky. 661, 28 S.W.2d 982, and Kentucky and West Virginia Power Co. v. Saulsbury, 231 Ky. 788, 22 S.W.2d 281. In all of these cases the court considered the reasons why the view was refused in light of the nature of the testimony and the need for a jury view and found no abuse of judicial discretion. In C.J.S. the rule is stated as follows:

"The courts generally regard a jury view of the premises to be advisable in condemnation proceedings, and it has been said that the granting of a view should be the rule, and that it should be denied only for good and cogent reasons. In the exercise of its discretion the court may properly deny a view where the premises have been adequately described in the testimony and where visual evidence has

been introduced which the court deems to be sufficient, * * *. In determining whether a jury view should or should not be permitted the court may properly consider whether there have been such changes in the premises as to impair the value of the view." 30 C.J.S. Eminent Domain § 288, p. 60.

Also see 27 Am.Jur.2d Eminent Domain, pp. 298–301 §§ 413, 414, and 5 Nichols on Eminent Domain, pp. 169–171 § 18.3(3). This rule seems entirely in line with our previous cases.

 Here, there was no evidence that any substantial change had or had not taken place; however, in the absence of any evidence, the mere passage of seven years would indicate that some changes had occurred. The property was well described by the witnesses, and their descriptions were not confusing or conflicting in any way. Under this state of facts we do not believe the trial judge abused his discretion.

The judgment is affirmed.

All concur.