EDWIN R. KRAMER, THEODORE A. GIATTINI, ALAN V. RUSHTON and ROLF H. BOULON, Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS, BOARD OF ZONING, SUBDIVISION AND BUILDING APPEALS OF THE VIRGIN ISLANDS, Appellee
ST. CROIX DRIVE–IN THEATER, Intervenor

No. 72-1492

United States Court of Appeals

Third Circuit

Submitted February 1, 1973

Filed May 18, 1973

ARNOLD M. SELKE, ESQ. (CORNEIRO, GIBBS & SELKE), St. Thomas, V.I., *for appellants*

WARREN M. PULNER, ESQ., Assistant Attorney General, St. Thomas, V.I., *for appellees*

CLARENCE A. MCLAUGHLIN, ESQ. (BORNN, MCLAUGHLIN & FINUCAN), St. Thomas, V.I., *for intervenor*

Before MARIS, ROSENN and HUNTER, *Circuit Judges*

MARIS, *Circuit Judge*

The question presented on this appeal is whether the District Court of the Virgin Islands erred in affirming the decision of the Board of Zoning, Subdivision and Building Appeals of the Virgin Islands, hereinafter called the Board of Appeals, to grant a zoning exception for the construction of a drive-in theater in an area of St. Thomas zoned for residential and agricultural use, and in denying injunctive relief with respect thereto.

It appears from the record that an application had been filed on behalf of the St. Croix Drive-in Theater, Inc., with the Virgin Islands Planning Board for a special exception, as a recreational use, for a drive-in theater proposed to be constructed on a parcel of land located at Estate Donoe in St. Thomas which is in an R 10 zoning district. The Planning Board held a public hearing at which the plaintiffs, owners and residents of land overlooking the area of the proposed drive-in theater, objected to the granting of the exception. The application was denied for "improper location" and "possibility of traffic congestion." Pursuant to 29 V.I.C. §§ 270, 277, an appeal was taken from the Planning Board's decision to the Board of Appeals by the St. Croix Drive-in Theater, Inc. The Board of Appeals held a meeting at which the testimony of various persons appearing in favor of the applicant was received. Thomas Blake, director of the Planning Board, also testified at the meeting, stating that his board had received several letters from people who live in the surrounding area voicing objections to the possible noise and congestion of traffic resulting from the theater located at Estate Donoe. After receiving the testimony the Board members inspected the site of the proposed theater. Thereafter the Board of Appeals reversed the decision of the Planning Board and

granted a special exception authorizing the construction of a drive-in theater at the proposed location in Estate Donoe.

The plaintiffs then filed a complaint in the District Court of the Virgin Islands against the Government of the Virgin Islands and the Board of Appeals to review the Board's decision, alleging, inter alia, that it was arbitrary, capricious and in violation of the zoning law, 29 V.I.C., ch. 3, subchap. III. The St. Croix Drive-in Theater, Inc. intervened in the action, answered the complaint, and prayed for its dismissal. The Government of the Virgin Islands and the Board of Appeals also answered, asking for dismissal of the complaint. The district court entered a judgment dismissing the complaint on the ground that the plaintiffs, because they had not appeared before the Board of Appeals, did not come within the class of persons granted the right of review. On appeal from that judgment this court held that the plaintiffs were authorized under 29 V.I.C. § 270 to seek review by the district court of the Board of Appeals' action and we remanded the cause to the district court for hearing on the merits. Kramer v. Government of the Virgin Islands, 3 Cir. 1971, 8 V.I. 449, 453 F.2d 1246.

Upon remand plaintiffs filed in the district court a motion for an injunction alleging that the establishment of the drive-in theater would result in traffic congestion and noise to their injury, contrary to the purpose of the law in establishing the residential zone, and that, in any event, such a theater was not a recreational facility which was authorized by the zoning law as a special exception in an R 10 residential zone. The plaintiffs specifically alleged that the Board of Appeals' decision was in violation of the zoning law, 29 V.I.C. § 260(3), in that it would increase congestion in the roads and streets, which it was one of the objects of the law to prevent. The district court, after hear-

ing, found reasonable and well supported by the evidence the conclusion of the Board of Appeals, that, in the light of the understanding of the term in the community, an outdoor drive-in theater is a "recreational use" within the meaning of the statute. The court applied the rule enunciated in N.L.R.B. v. Hearst Publications, 1944, 322 U.S. 111, 131, that where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court's function is limited to deciding whether that determination has warrant in the record and a reasonable basis in law. Concluding that the Board did not exceed its authority in granting a special exception for recreational use and that its decision to do so was based on relevant evidence acceptable to a "reasonable mind," the district court denied the injunction and affirmed the decision of the Board of Appeals. Kramer, et al. v. Government of the Virgin Islands, et al., 1972, 9 V.I. 246. This appeal by Edwin R. Kramer and Theodore A. Giattini, two of the plaintiffs, followed.

On this appeal, the appellants contend that the district court erred in denying the plaintiffs' application for an injunction because the value of their property will be reduced by the traffic congestion, noise pollution, visual pollution, heat pollution, and creeping commercialism, which, as they allege, will result from the establishment of the theater. They argue further that, as a matter of law, it was improper for the Board of Appeals to grant a special exception in an R 10 residential zone to construct an outdoor drive-in theater, because such a theater would constitute a business or commercial use of the land and not such a recreational use as is authorized by the statute to be granted as a special exception in such a zone. We turn first to consider the latter contention.

The provisions of the zoning law which are involved are contained in subchapter III of Chapter 3 of Title 29, Virgin Islands Code (29 V.I.C. §§ 260 et seq.), and are, in pertinent part, as follows:

"§ 260. Purpose

. . . the zoning requirements set forth in this subchapter shall be for the purpose of benefitting the Virgin Islands by:

(1) promoting the public health, safety, morals and general welfare;

. . .

(3) lessening congestion in the roads and streets;

(4) protecting the established character and social and economic value of agricultural, residential, commercial, industrial, recreational and other areas;

. . .

§ 261. Definitions

For the purpose of this subchapter, certain terms are defined as follows:

. . .

(17) Recreational use: Public or private recreational facility, including, but not limited to, golf courses, boat harbors, and bathing beaches. Commercial uses, such as refreshment stands and equipment rentals, may be permitted if clearly accessory to the principal use.

. . .

§ 266. District requirements

District requirements shall be as set forth in the schedule annexed hereto, marked "Appendix I," incorporated into and by this reference made a part of this subchapter. . . .

APPENDIX I

SCHEDULE OF ZONE REQUIREMENTS

R 10 ZONE
   One- or Two-Family Residential
      (Intent: To stabilize the agricultural and residential character of the Zone and to encourage a suitable environment for family life.)

609

*Permitted Principal Uses and Structures:*

1. Agricultural use
2. One or two single-family dwellings
3. Two-family structure

*Permitted Accessory Uses and Structures:*

1. Home occupations
2. Servants' quarters
3. Roadside stand

*Special Exceptions:*

1. Rooming or boarding house
2. Community service or facility
3. Resort hotel
4. Agricultural processing plant
5. Recreational use
6. Apartment house
7. Three- or four-family structure
8. Neighborhood commercial activities
9. Quarrying and associated activities

§ 269. Special exception and variance procedure

(a) *Special exceptions.* The Planning Board may grant special exceptions for certain uses as specified in Appendix I . . . . Such special exceptions shall be granted only when found to be in harmony with the purpose and intent of this subchapter and subject to such conditions and safeguards as may be appropriate. . . ."

[29 V.I.C. §§ 260 et seq.]

■ It will be seen that the statute authorizes the granting in an R 10 residential zone of a special exception for a "recreational use," which the law defines as a "Public or private recreational facility, including, but not limited to, golf courses, boat harbors, and bathing beaches." The appellants strongly urge that an outdoor drive-in theater is not such a facility and that its operation is not a recreational use. The word "recreation," however, in its popular sense is of very comprehensive signification and includes in its general meaning games, sports and plays. 36A Words and Phrases, Perm. ed., pp. 121–122. Webster defines "rec-

610

reation" as, inter alia, "refreshment of the strength and spirits after toil; diversion; play" and defines the word "diversion" as "that which turns or draws the mind from care or study, and thus relaxes and amuses . . . Syn. . . . amusement, entertainment, recreation, game." Webster's New International Dictionary, 2d ed., pp. 2082, 759. The district court concluded that the Board was not unreasonable in deciding that a drive-in theater constituted "recreation" in the common community understanding of the term and was, therefore, authorized by the statute to be permitted as a special exception in the R 10 zone. We cannot say that this conclusion, thus affirmed by the district court, has no warrant in the record or any reasonable basis in the law. Under the rule laid down in N.L.R.B. v. Hearst Publications, 1944, 322 U.S. 111, 131, our authority to review this question extends no further. The fact that such a theater would be a commercial enterprise for private profit does not derogate from this conclusion since the statutory definition of recreational use specifically mentions golf courses, boat harbors and bathing beaches, all of which are frequently operated for profit and when so operated certainly constitute forms of commercial enterprise. We conclude that the statute, 29 V.I.C. §§ 261(17) and 269, fairly construed, authorizes the zoning authorities to grant, when it is found to be in harmony with the purpose and intent of the law, a special exception permitting a drive-in theater to be constructed and operated in an R 10 residential zone.

◼ This brings us to the remaining question, namely, whether under the facts of this case the action of the Board of Appeals in granting such an exception was within the purpose and intent of the law or whether, as the appellants contend, it violated that purpose and intent. In support of their contention they urge that the Planning Board correctly denied the application for a special exception for the

reasons of "improper location" and "possibility of traffic congestion" and that the decision of the Board of Appeals which granted the exception and the judgment of the district court which affirmed that decision are not supported by the evidence. They urge that traffic congestion on the connecting roads, excessive noise, visual pollution, heat pollution and creeping commercialism will result from the establishment of the drive-in theater in their residential neighborhood. The St. Croix Drive-in Theater, Inc., on the other hand, argues that the decision of the Board of Appeals and the judgment of the district court have support in the evidence disclosed in the minutes of the Planning Board and the Board of Appeals to the effect that the proposed drive-in theater would be located in an old quarry with a recessed moving-picture screen practically invisible from the road; that photographs of the area showed only two houses on the Wintberg Bay side, one of which was about 3000 feet away from the picture screen; and that an architect-member of the Planning Board visited the site, took photographs, analyzed the traffic conditions, and reported that the theater traffic would come at off-peak hours. Our review of the record as a whole satisfied us that the district court did not err in concluding that the decision of the Board of Appeals was supported by the record. The appellants have cited in support of their contentions numerous cases from other jurisdictions, each of which we have considered. However, it is clear that each of them turns on its own special facts and none is controlling here.

■ The district court also concluded that on the record before it the plaintiffs were not entitled to an injunction. We are satisfied that the court did not err in so doing. This is not to say, however, that the plaintiffs might not become entitled to injunctive relief in the future. For while a drive-in theater is a lawful business and not a nuisance per se, King v. James, 1950, 88 Ohio App. 213, 97 N.E.2d 235;

Bzovi v. City of Livonia, 1957, 350 Mich. 489, 87 N.W.2d 110, it may become a nuisance in fact if the place and manner of its operation result in such substantial injury to residents of the neighborhood as to amount to an invasion of their rights to repose and the enjoyment of their homes. Guarina v. Bogart, 1962, 407 Pa. 307, 180 A.2d 557, 93 A.L.R.2d 1165, and annotation pp. 1171 et seq.; 4 Am. Jur. 2d, Amusements and Exhibitions § 37. And compare City of Somerset v. Sears, 1950, 313 Ky. 784, 233 S.W.2d 530.

The judgment of the district court will be affirmed.