## OLMSTED v. SCHREMBS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8529. Decided June 5, 1928.

Middleton, P.J., and Mauck, J., of the 4th Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff. ·

**REAL ESTATE**

(510 B3f) A restriction in a deed in favor of the grantor, his heirs and assigns, and in favor of an adjoining owner, that the premises shall be used for residence purposes, only, does not warrant an injunction against the owner of the lot restraining him from maintaining a convent thereon, when the adjoining owners consent thereto, and it does not appear that there was any uniform plan of restrictions, that the plat from which the lot was sold was ever recorded or the allotment dedicated to the city as a subdivision.

(510 A3) Adjoining premises are premises which touch or are connected with the premises involved as distinguished from premises lying near or adjacent to the lot.

Appeal from Common Pleas.
Petition dismissed.

Stearns, Chamberlain & Royon, Cleveland, for Olmsted.

Mooney, Hahn, Loeser & Keough, Cleveland, for Schrembs.

STATEMENT OF FACTS.

The plaintiff is seeking to enjoin the defendant from using certain property for purposes which the plaintiff claims are in violation of certain restrictions contained in the conveyance under which the defendant holds said property.

It appears that prior to 1904 one Benjamin Rose owned a tract of land in the City of Cleveland bounded by Ashbury Road on the north, East 105th Street on the east, Wade Park on the south and East Boulevard on the west; that about that time he caused a plat to be made of said tract, dividing the land fronting on East Boulevard into ten lots and the land on 105th Street into seventeen lots and numbering said lots consecutively from one to twenty-seven. This plat was never placed on record nor was the allotment so made ever dedicated to the City of Cleveland as a subdivision.

MIDDLETON, P.J.

The evidence shows that the defendant is the owner of a part of lot four and all of lot five, as we understand it, as such lots are shown on the original plat. The plaintiff is the owner of a part of sub-lot seven as shown by the original plat. It follows, therefore, that between the premises of the plaintiff and those of the defendant are intervening premises which are owned by another party. It will be conceded, we think, that the deeds from the original owner, Rose, to the predecessor in title of the defendant contained the following restrictions and conditions:

· "The above named grantee, * * * hereby covenants and agrees with the said grantor * * * for the use and benefit of the said grantor * * * and of every other person who shall or may become the owner * * * or have any title * * * to the premises adjoining the above described premises on either side thereof, as follows, to-wit:

1. That for and during the next ensuing 50 years from and after the date hereof the premises herein conveyed shall not be used by said grantee, his heirs or assigns, for apartment or boarding house purposes, but shall be used for private residence purposes only.

It is the claim of the plaintiff that the restriction limiting the use of the lot for private residence purposes only is being violated by the defendant and that the latter is now maintaining upon his property a convent, in which live a community of nuns who belong to what is known as the Cloister Order.

By the express language of the restrictions and conditions quoted it appears that such restrictions are limited to the benefit of owners of the premises adjoining the premises of the defendant on either side thereof. Admittedly the plaintiff is not and never was the owner of the premises adjoining on either side of the premises of the defendant. Restrictions in conveyances of property may not be extended by conjecture or implication. When doubtful the doubt must be resolved in favor of the grantee. Hunt vs. Hold, 90 OS. 280. It is clear, we think, that the premises protected by the restriction must be "adjoining premises" and on the side of the premises in question. This means that they must be premises which touch and are in contact with the premises complained of.

The evidence shows that the owners of the **premises adjoining** the defendant's property have consented to the use of such property as is now made by the defendant.

In view of these considerations we must conclude that the plaintiff has no right of action. This conclusion makes it unnecessary to consider the remaining contentions made in this case. They are not material. We might say, however, in conclusion that we are not by any means convinced that the evidence establishes that a general and uniform plan of restrictions on all the property platted was ever adopted and put into effect by Rose. On the contrary the evidence clearly establishes that in the dis-

position of these lots Rose made various changes in the restrictions, particularly in the conveyances of the lots fronting on 105th Street, and we believe the evidence establishes that in the sale of one lot fronting on East Boulevard no restrictions whatever were imposed.

The petition is dismissed at the cost of the plaintiff.

(Mauck, J., concurs.)