**NOVAK et v STEELE et**

**PHILLIPS v STEELE et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 9, 1931

Friedman & Rummell, Youngstown, for plaintiffs.

W. O. R. Johnson, Youngstown, for defendants.

FARR, J.

It is contended in the instant case that §3848 GC does not apply here, for the reason that the assessment was made according to the foot front method, and it is urged in argument that this was an equalization of the assessment and that therefore no complaint was necessary to be lodged with any board of the municipality, because no equalization would be necessary, so it is said.

Attention is called to the case of **Bashore v Brown, Treasurer, 108 Oh St 18,** and to **City of Cuyahoga Falls v Beck; et al, 110 Oh St 82.** These cases do not make it clear as to whether or not the proceeding under §12075 GC, by way of injunction, would be a concurrent remedy with the method prescribed by 3848 GC. The syllabus of the case of **Cuyahoga Falls v Beck, et al, 110 Oh St 83,** reads as follows:

"Under §3848 GC, a property owner objecting to a street assessment made according to benefits by a municipality, must file his objection in writing with the clerk of the municipality within two weeks after the expiration of the notice given under §3895 GC. Where the property owner has received actual notice of the amount of the assessment, failure to file such written objection constitutes waiver of the right to question the assessment in a court of equity under §12075 GC. And this is true even tho the assessment exceeds 33 1-3% of the actual value of the lot or parcel of land in question after the improvement is made."

Thus it will be seen from the foregoing that no exception is made and that it perhaps might cover the case in question, and this might well be the conclusion if it were not for a statement in the opinion of Allen, J., at page 99, where it is observed:

"He can not question the amount of the assessment before the completion of the improvement because he was not notified of the amount of the assessment before the improvement was finished. In such case it might be questioned whether a property owner's failure to avail himself of his statutory right to object would bar him from relief in a court of equity, and we express no opinion herein upon that specific point."

It will therefore be seen that the Supreme Court had not yet decided the precise point at issue here. The case of **City of Cuyahoga Falls vs Beck** is a case in which the assessment was made according to benefits and the objection was made to the amount of the assessment. In a later case, the case of **Conkle v City of Bellevue, 117 Oh St 585,** the Supreme Court of Ohio having before it, as far as can be determined, a case very similar to the case at bar, said in an opinion by the court, as follows:

"It is ordered and adjudged by this court that the judgment of the Court of Appeals of Sandusky County, be and the same hereby is reversed. In the opinion of a majority of this court, §12075 GC provides a concurrent remedy under the facts and circumstances of this controversy. It is therefore ordered that said cause be remanded to the Court of Appeals of Sandusky County for further proceedings according to law."

There is not much expressed in the foregoing by the Supreme Court as to just what might have been before the Court at that time. However, the same case is reported in **159 N. E., 581,** and where the Reporter assumes to set out the facts in the case. The syllabus is the same, or practically the same as read, except some little difference, as follows:

"Municipal corporations. Injunctions against collection of illegal assessment on front foot plan held concurrent remedy with remedy by filing of objections to assessment. (§§3812, 3847, 3895, 12075 GC). In action by property owner to enjoin city from collecting street assessments made on front foot plan to extent that assessment exceeded one-third value of property after making of improvement, §12075 GC, authorizing action to enjoin illegal levy or collection of taxes, provides concurrent remedy with §§3812, 3847, 3848, 3895 GC, requiring persons objecting to assessment to file objections in writing within two weeks after expiration of notice of assessment."

Then follows a statement of facts probably compiled by the Editorial Staff of the Northeastern Reporter, and at its conclusion the percuriam opinion of the Supreme Court of Ohio just read is set out. In view of the foregoing, as set out in 159 N. E., 581, 582, it is held that the judgment in these cases must be for plaintiffs. Injunction allowed as prayed for, and it is so held upon the authority of the above case in the 159 N. E.

ROBERTS and POLLOCK, JJ, concur.