### LOPARTKOVICH v RIEGER et

Ohio Appeals, 9th Dist, Lorain Co

Decided November 4, 1940

Andrew M. Keep, Lorain, for appellant.

Samuel Herman, Lorain, for appellees.

### OPINION

By DOYLE, J.

This is an appeal on questions of law and fact from the Court of Common Pleas of Lorain County.

The plaintiff in the Common Pleas Court, the appellant herein, seeks to enjoin the defendants from "erecting and constructing a gasoline and service station" upon a lot purchased by the said defendants in an allotment in the city of Lorain, upon the ground that the defendants bought with notice of restrictions which restricted the use of the property to residential purposes.

The cause was presented to this court upon an agreed statement of facts, supplemented by parol evidence.

The facts reveal that in 1918 the allotment in which the property in question is located was laid out in accordance with a general and uniform plan, and "that in the original deeds to each of the lots in said allotment there were substantially similar restrictive coven-

ants which were general and uniform throughout the allotment"; that "no general plan or scheme of restrictions was filed with the county recorder at the time the plat of said * * * allotment was filed for record * * *"; that the plaintiff in this action is the owner of a lot in the allotment, which lot lies adjacent to the lot in controversy and was purchased from persons who acquired their title by mesne conveyance from "the original owner and allotter"; that the defendant Hannah B. Rieger purchased the lot in controversy from a person "who, in turn, obtained her title from others who acquired the title from * * * the original grantor," and that in the deed which conveyed this property to the defendant Hannah B. Rieger there was contained the following language:

"Provided always, and this conveyance is made and accepted upon the express conditions and reservations that there shall be not more than one dwelling house erected upon any lot in said addition (excepting lots fronting on Leavitt Road); that no dwelling house or residence shall be erected or moved upon the premises herein conveyed, or any part thereof, which shall be of less value than $4000; that no dwelling house, residence, fence, hedge or other structure (except porches) shall be located or placed upon the premises herein conveyed within 40 feet from the front street line on West Erie Avenue and shall be used for residence purposes only, and that liquor, whether spiritous, vinous or fermented, shall not be manufactured or sold at wholesale or retail on said premises, and that the foregoing conditions and reservations shall be binding upon said grantees, their heirs and assigns, and shall operate as covenants and agreements running with the land. All of said conditions and reservations shall continue in time for a period of 25 years from and after the 1st day of January, 1919"

The question presented is whether the appellant (plaintiff) can maintain this cause of action and enforce a restriction limiting the use of the property to residence purposes.

Judge Washburn, of this court, when sitting as a member of the Court of Appeals of the Eighth Judicial District, set out the following rules in a case similar in some respects to the case at bar. It was there said:

"As we interpret the decisions in Ohio, the rule is that, when an owner has a general plan of uniform restrictions, and such restrictions are inserted in each deed of an allotment, one purchaser cannot enforce such restrictions against another purchaser unless the restrictions are so drawn that each purchaser covenants and agrees, for the benefit of every other lot owner, that he will observe the restrictions, or unless the purchaser against whom the restrictions sought to be enforced has notice of such a general plan and purchases his lot with reference thereto. Such notice is shown when the recorded plat contains the general scheme or plan, or when the allotter in his deeds covenants that all sales of lots in his allotment shall be subject to like restrictions."

**Jacob Ziskin v Samuel Yamshorn,** No. 3656, Cuyahoga County Court of Appeals (unreported), decided June 25, 1921.

The Supreme Court of this state has pronounced the following rule:

"1. The purchaser of a lot in an allotment whose deed contains restrictions as to the use of the lot is not chargeable from that fact alone with notice that like restrictions are contained in the deeds to other purchasers of lots in the allotment." **Kiley v Hall, 96 Oh St 374,** 117 N. E. 359, L. R. A. 1918B, 961.

In the opinion in the foregoing case at page 382, it is said:

"* * * Each purchaser, of course, knew that his grantor * * * could enforce the observance of these restrictions, but we do not know upon what theory the

covenant in his deed would advise him that he owed a similar duty to the other lot owners."

In the instant case there was no recorded plat from which notice might be inferred; there is no covenant in the deed of conveyance, nor in the deeds of other grantees in the allotment, whereby each purchaser covenanted and agreed, for the benefit of every other lot owner, that he would observe the restrictions; there is nothing in evidence to show that the allotter in the conveyances made by him covenanted that all sales of lots in the allotment were subject to like restrictions, nor that such restrictions were made for the benefit of other lot owners in the allotment.

This court is not called upon to pass upon the question whether the common grantor or anyone in the chain of title of this particular lot could enforce the restrictions. Our question is whether another lot owner can do so.

The mere fact that every lot owner may have agreed with the common grantor upon the restrictions does not give a right of action to another lot owner to enforce the restrictions. There must be proof that there was a general plan to restrict the lots in the allotment for the use and benefit of all grantees; and before any lot owner in the allotment can enforce such restrictions, it must be shown that at the time he purchased his property he had actual or constructive notice of such plan.

Mere knowledge that there are restrictive covenants contained in the deeds from a common grantor, which covenants do not disclose that they are for the benefit of all other lot owners in the allotment, is not sufficient to vest in the plaintiff a right to enforce those restrictive covenants against another lot owner.

A decree may be prepared dismissing the petition.

Judgment for appellees.

WASHBURN, PJ. & STEVENS, J., concur.