**BLUM et, Plaintiffs-Appellees, v. HODAPP et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 1959.   Decided June 10, 1949.

204

Harshman & Young, Dayton, for plaintiffs-appellees.
Jacobson & Durst, Dayton, for defendant-appellant.

### OPINION

By MILLER, PJ.:

This cause comes into this court on appeal by Alfred S. Daneman on questions of law and fact from the judgment of the Common Pleas Court of Montgomery County, Ohio, in which court a judgment was granted to the plaintiffs-appellees awarding them an injunction against the threatened use by the said defendant-appellant of a one-story business building upon the ground that such use violated a certain building restriction on the plat in which it was located.

The amended petition, which named as plaintiffs approximately 106 lot owners, alleged the creation of certain building restrictions in the Berkley Heights Plat about the year 1906. These restrictions were as follows:

"And the said grantee, his heirs and assigns as part of the consideration herein, doth hereby agree and covenant with the said grantor, its successors and assigns, for the faithful performance of the following conditions, to-wit:

First, That no house shall be built upon said premises costing less than Twelve Hundred Dollars ($1200.00).

Second, That no building or part thereof shall be placed and set less than 25 feet back from the line of Traction Avenue on said plat, provided that steps, windows, porticoes, and other usual projections appurtenant thereto, are to be allowed in said reserved space.

Third, That no building or part thereof shall be used in any manner so as to be reasonably objectionable to the occupants or owners of neighboring property."

The entire amended petition of plaintiffs was grounded upon the claim that number three of these building restrictions was being violated by the appellant and an injunction was granted.

In substance the amended petition averred that the defendant-appellant had erected a one-story building and had intended to use the same in conducting "the business of assembling, storing, packing and shipping therefrom bronze grave markers and of storing, packing and shipping therefrom other articles; will engage in the business of carrying on, experimentally or otherwise, the process of adhering ceramic material or glass to steel by use of heat, and other industrial or manufacturing activities or processes; that such uses as aforesaid or any of them on the said premises or in the said building will cause irreparable damage to the property of these plaintiffs and all neighboring property used for residence purposes; will cause noise, disturbance and great increase in traffic and parking of trucks and motor vehicles in the neighborhood; will impair the desirability for residence purposes and the value and rental value of the property of these plaintiffs and other neighboring property; for all of which these plaintiffs have no adequate remedy at law. * * *"

We have carefully read the entire record containing some 420 pages and without entering into a discussion of the testimony of the various witnesses, will say that we are in full accord with the separate findings of fact as found by the trial court, and our findings will therefore be the same. However, we are compelled to differ with the trial court upon the law applicable thereto. An examination of the record discloses that two legal questions are presented: (1) Was the action prematurely brought? (2) If the answer is in the negative, can one lot owner under the facts here presented enjoin another lot owner from violating a restrictive covenant in the deed? In other words, can the restrictive covenants

be enforced only by the grantor or can they be enforced by any lot owner in the subdivision? In answer to the first question we are of the opinion that the action was not prematurely brought. Although the restriction relates solely to the use to which the building was to be applied, and although never so used, we find that the record clearly establishes that the intended use would be reasonably objectionable to the occupants or owners of the neighboring property. The intentions of the defendant are clearly set forth in his testimony and unless restrained a violation would ensue, provided the covenants were legally enforceable by these plaintiffs. This leads to the second question which we are compelled to resolve in favor of the defendant. The rules applicable to the facts in the case at bar are well set forth in **Lopartkovich v. Rieger, 66 Oh Ap 332.** At page 335 appears the following language:

"* * * Judge Washburn, of this court, when sitting as a member of the Court of Appeals of the Eighth Judicial District, set out the following rules in a case similar in some respects to the case at bar. It was there said: 'As we interpret the decisions in Ohio the rule is that, when an owner has a general plan of uniform restrictions, and such restrictions are inserted in each deed of an allotment, one purchaser can not enforce such restrictions against another purchaser unless the restrictions are so drawn that each purchaser covenants and agrees, for the benefit of every other lot owner, that he will observe the restrictions, or unless the purchaser against whom the restrictions sought to be enforced has notice of such a general plan and purchases his lot with reference thereto. Such notice is shown when the recorded plat contains the general scheme or plan, or when the allotter in his deeds covenants that all sales of lots in his allotment shall be subject to like restrictions.' * * *"

It will be noted under the aforesaid rule that at least one of the following requirements must be met: (1) The restrictions must be so drawn that each purchaser covenants and agrees for the benefit of every other lot owner that he will observe the restrictions; or, (2) The purchaser against whom the restriction is sought to be enforced had notice of a general plan and purchased his lot with reference thereto. Such notice is shown when the recorded plat shows the general scheme or plan or when the allotter in his deeds covenants that all sales of his lots in the allotment shall be subject to like restrictions. Now the first requirement is not met for the record discloses each purchaser did not covenant and agree

to observe the restrictions for the benefit of every other lot owner. The plaintiff does not agree with us on this proposition, claiming that the third clause of the restriction is for the benefit of all the lot owners of the subdivision, but the restriction itself states that it shall be applicable only "to the occupants or owners of neighboring property". Can all of the lot owners of the subdivision be said to be owners of neighboring property? Webster's New International Dictionary, Second Edition, defines "neighboring" as "being near; adjacent". Examining further in the same authority the word "adjacent" is defined as "lying near, close or contiguous, bordering on". One of the synonyms noted is "adjoining" which word has been defined in **Olmsted v. Schrembs, 30 Oh Ap 430,** as "meaning premises which touch and are in contact with premises involved * * *." With this definition in mind as well as the legal principle that when a restriction in a conveyance is doubtful all doubts should be resolved in favor of the free use thereof for lawful purposes by the owner of the fee, we are compelled to say that the restrictions contained in paragraph 3 of **each** deed is not for the benefit of all the lot owners in the subdivision, but is only for the benefit of the adjacent lot owners.

We shall next consider whether there was a general plan for the entire addition, and if so, whether the defendant had notice of the same. We find that the planners of the addition did follow a general plan, the same restrictions appearing in the conveyances to all the lots in the addition with the exception of lots 1, 2 and 3. Since the plat showed that there are approximately 287 lots in the addition, we think the failure to include the restriction in the three aforesaid lots cannot be said to destroy the general plan of the subdivision. This general plan, however, was not noted upon the recorded plat. Had it been, notice thereof would have been imputed to each lot purchaser and he would have been bound thereby. The defendant would also have had notice of the general plan if the deed had provided that the restrictions were for the benefit of all the other lot owners. **Kiley v. Hall, 96 Oh St 374.** But such a provision is not found in any of the deeds. The plaintiffs, therefore, cannot claim equitable relief under the general plan theory because of lack of notice of the same to the defendant. The plaintiff has attempted to distinguish the case at bar from Kiley v. Hall and Lopartkovich v. Rieger, supra, upon the theory that the grantor covenanted and agreed to bind "itself, its successors and assigns" to the same conditions. Had it done so, the plaintiff would be entitled to the relief sought. **Wallace v.**

Clifton Land Co., 92 Oh St 349. But an examination of the covenants fails to support the plaintiff in this proposition, the covenants providing, "* * * and the said grantee, his heirs and assigns as part of the consideration herein, doth hereby agree and covenant with the said grantor, its successors and assigns, for the faithful performance of the following conditions * * *." These restrictions are clearly unilateral and not bilateral as urged by the plaintiffs. The plotter in no way bound itself to impose the restrictions upon any of the lots it might later convey. This it was not compelled to do.

"If he does not bind himself, then his grantee, having no right of action against him, cannot pursue any other grantee to whom he may subsequently convey the whole or part of the remaining lands." 21 A. L. R. 1303.

Since the major premise of the plaintiff's argument is not supported by the evidence, that the covenant was mutual, his case must also fail. All of the authorities cited on this question by the plaintiff are based upon this premise.

Our judgment is in favor of the defendant.

HORNBECK and WISEMAN, JJ, concur.

### ON APPLICATION FOR REHEARING

No. 1959. Decided July 7, 1949.

By THE COURT:

The application for rehearing will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

### ON MOTION FOR NEW TRIAL

No. 1959. Decided September 8, 1949.

By THE COURT:

The motion for new trial is overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.