The State, ex rel. Clymer, a Taxpayer, Appellant, *v.*
Board of County Commissioners of Marion
County et al., Appellees.

(No. 1020—Decided May 9, 1951.)

*Messrs. Sanders & Grigsby,* for appellant.
*Mr. Ralph E. Carhart* and *Mr. William J. Hunter,*
for appellees.

Middleton, P. J.    This is an appeal on questions of
law and fact from a judgment of the Common Pleas
Court denying an injunction and dismissing plaintiff's
petition.

There is no dispute as to the facts, the question being
as to the application of the law to the facts.

In brief, the facts, so far as necessary to show the
questions involved, are that the county commissioners
of Marion county advertised for bids for the construc-
tion of a county road project, under Section 6945, Gen-
eral Code; that two bids were received, one slightly
higher than the other; that one bid was by R. C. Grin-
dell and the other by the U. S. Construction Company,

the latter bid exceeding the Grindell bid by $277.77; and that the county commissioners awarded the contract to the U. S. Construction Company on the higher bid.

The journal of the board, at the time the bid was awarded to the U. S. Construction Company, set forth that "the board finds that the bid of the U. S. Construction Company is the best bid and within the estimate. * * *"

Subsequent to the hearing of this cause in the Common Pleas Court and to the filing of the notice of appeal to the Court of Appeals, the board of county commissioners passed the following resolution which is recorded in the journal of the board, to wit:

"Whereas, the resolution as passed and adopted by the Board of County Commissioners of Marion County, Ohio, on May 18, 1950, relative to the opening of bids and awarding of a contract for drag treating various roads in Marion county, Ohio, did not fully and completely record the action of said board and is therefore incorrect and should be amended to read as follows:

"Whereas, this being the date set for the opening of the bids for drag treating various roads in Marion county, Ohio, and

"Whereas, the following bids were received:

L. C. Grindell                                  $70,219.55
U. S. Construction Company               70,497.32 and

"Whereas, the board being duly advised in said matter and after careful consideration of said bids, hereby rejects the bid of L. C. Grindell, and further finds that the bid of the U. S. Construction Company was submitted by the lowest competent and responsible bidder and within the estimate made by the county engineer, therefore be it

"Resolved, by the Board of Commissioners of Marion County, Ohio, that the contract for the 1950

drag treating program be awarded to the U. S. Construction Company, being the lowest competent and responsible bidder, at their bids of $70,497.32 and further be it

"Resolved, that the U. S. Construction Company shall furnish a performance bond and contract to the approval of the board of county commissioners for the performance of the work and the furnishing of the material bid upon, and further be it

"Resolved, that the journal entry of May 18, 1950, be and the same is hereby corrected and that this resolution be considered a *nunc pro tunc* order, and that it be the official record of May 18, 1950."

The cause was heard in this court *de novo* on a transcript of the evidence presented in the Common Pleas Court, and certain additional evidence, including the journal of the board of county commissioners setting out the adoption of the resolution of July 24, 1950, correcting the record of the action of the board of county commissioners on May 18, 1950, relative to the opening of bids and awarding of the contract in question.

This court held in the case of *State, ex rel. Wuebker,* v. *Bockrath,* that records of administrative and legistive bodies are allowed to be changed after the time when they should have been made, in order to conform with the truth.

On appeal, the Supreme Court affirmed the judgment of this court, in 152 Ohio St., 77, 87 N. E. (2d), 462, holding, as disclosed by the first three paragraphs of the syllabus:

"A record must speak the truth and when it does not do so those who have the authority and power may correct the record to make it conform to the truth.

"A *nunc pro tunc* correction of an earlier record is entitled to the same respect as if it were the original record.

"The record of an administrative board may be corrected to conform to the actual truth, after the time when it should have been made."

After the record has been amended it is entitled to the same respect as an original record. This being a hearing *de novo*, this court is not controlled by the commissioners' record as it appeared at the time of the hearing of the cause in the Common Pleas Court, but by the record as it exists at the time of the trial in this court.

There is no question raised that the action recorded in the resolution adopted July 24, 1950, complies with the provisions of Section 6945, General Code, and that if such a resolution had been recorded in the commissioners' journal as of May 18, 1950, the appellant would have no complaint, so far as is reflected in his brief.

He concedes that the board of county commissioners has the authority to correct a mistake or omission in its proceedings, but claims that the resolution of July 24, 1950, was an attempt to contradict its former record.

There is ample evidence in the record to support the provisions of the resolution of July 24, 1950, and this court specifically finds that the record, as amended, presents the real facts and shows that the board acted in accordance with law.

As the board of county commissioners had the authority to pass the resolution of July 24, 1950, and the record supports the contents of the resolution, the plaintiff is not entitled to the relief prayed for.

Judgment is, therefore, entered in favor of the defendants, and the petition of the plaintiff is dismissed.

*Judgment for defendants.*

JACKSON and GUERNSEY, JJ., concur.