EARLY ET AL., APPELLANTS, *v*. LEATHERMAN, TREAS., ET AL., APPELLEES.

(No. 252—Decided August 31, 1955.)

Mr. *J. B. Palmquist* and Mr. *Ralph Burroughs,* for appellants.

Mr. *H. Dennis Dannley,* prosecuting attorney, for appellees Lloyd Leatherman, Treasurer, and Burke Woodward, Auditor.

Mr. *R. E. Snedden,* for appellee village of Spencer.

HUNSICKER, J. This is an appeal on questions of law and fact from the Common Pleas Court of Medina County, Ohio.

On November 28, 1945, the council of the village of Spencer, Medina County, Ohio, passed Resolution No. 92, declaring it necessary to improve certain streets in the village by placing water mains in such streets. Thereafter, action was taken by the council and the other village authorities to carry out this improvement program on the basis of tax assessments against the abutting property, according to the foot-front rule of assessments. The work was completed in January, 1948.

One of the streets in which such water line was placed was State Street, the main north and south street in the village. During all of the time from the enactment of the original reso-

lution declaring the necessity to make the improvement, until after the work was completed, J. Frederick Early and Hattie Early (husband and wife) were the owners of 17.51 acres of farm land lying within the village limits, and abutting 851.3 feet on the east side of South State Street. This 17.51 acres was a part of the Early farm of 134.265 acres, the balance of the land in excess of 17.51 acres being outside the village.

The 851.3 feet of Early land abutting South State Street was assessed $3.05 a front foot for the improvement. Mr. and Mrs. Early thereafter filed their petition in the Common Pleas Court to enjoin such assessment. They allege in such petition that: the resolution declaring the necessity for such improvement did not provide in how many installments the assessment to be levied was to be payable or the times of payment of said installments; notice of the passage of the resolution of necessity was not served on J. Frederick Early and Hattie Early; the ordinance of decision and intention to proceed with the improvement provided only, with respect to payment of assessments, that such assessments to be levied should be paid in such number of annual installments as might be necessary to provide funds to pay the bonds thereafter to be issued, plus interest thereon; the village council did not limit the assessment to the special benefits conferred on the Early land, nor did council fix the value of said land at what council considered a fair average depth of lots in the neighborhood; the assessment is in excess of 33-1/3 per cent of the actual value of the land after the improvement; and the assessment so levied upon their land is confiscatory, illegal and contrary to law.

Thereafter, the village of Spencer, having first been made a party defendant to the action as originally brought against the Medina County treasurer and the Medina County auditor, filed its answer, saying, in its material parts, that: the resolution declaring it necessary to improve State Street was enacted on November 28, 1945, as alleged; notice of this resolution was given by posting at the five most public places in the village of Spencer, for a period of more than fifteen days following November 28, 1945; written notice was served on J. Frederick Early and Hattie Early; the law of Ohio was duly followed as

to the construction of the improvement and the making of the tax assessments against the property benefited.

The appellants, Early, through their successors in interest, by way of reply, say there was some posting of the resolution of necessity to improve State Street, and a purported resolution was passed by council of the village "with regard to levying the assessment complained of in this action by the front foot."

Said appellants further deny "each and every allegation contained in the answer herein except such as are admissions of one or more of the allegations contained in the petition herein."

During the pendency of the action in the trial court, J. Frederick Early died; later, Mrs. Hattie Early, his widow, and the heirs of J. Frederick Early, sold the entire farm to Floyd J. Hirschman and his wife, Dorothy. The Hirschmans are the present owners of the land and the real parties in interest herein.

Our examination of the facts and authorities shows them to be the proper and necessary parties to prosecute this appeal. The judgment entry may so show this substitution at the direction of this court. We further determine that the new parties appellant are entitled to such rights and defenses against the assessment herein complained about as accrued to, and were rights and defenses held by, the original plaintiffs herein.

In this case the matters to be considered are:

Did the council of the village of Spencer take the proper procedural steps necessary to enact the legislation to make the improvement for which tax assessments are levied against the property herein?

Were J. Frederick Early and Hattie Early served with notice as required by law?

Was it necessary, before filing this legal action as to the assessment herein, for the Earlys to file a complaint or objection to the improvement with the clerk of the village?

Does the assessment exceed 33-1/3 per cent of the actual value of the land (subject to the assessment) after the improvement?

We have read the transcript of testimony taken in the trial

court, and have considered that, along with the testimony and exhibits submitted in this trial *de novo*. We have examined the exhibits submitted in the trial court, studied the briefs of counsel for all parties, and researched the law in such cases.

We find that J. Frederick Early and Hattie Early were duly served with notice of this improvement as required by law. Mr. Early was served personally at the residence of the parties by a deputy clerk of the village, and notice to his wife, who was not then at home, was left at the residence by giving her written notice to her husband (J. Frederick Early).

We next determine that, under the facts herein, it was not necessary for Mr. and Mrs. Early to file an objection to the special assessment, since such assessment was being levied according to the foot-front method. See: *Novak* v. *Steele,* 11 Ohio Law Abs., 699.

The evidence herein shows that a resolution No. 92 was enacted by the council of the village of Spencer on November 28, 1945, declaring the necessity to place water lines in certain streets in the village. South State Street was one of the streets to be so improved. Thereafter, on February 27, 1946, by ordinance No. 90, the village determined to proceed with the improvement called for by resolution No. 92.

On May 12, 1948, after the work of laying the water lines was completed, ordinance No. 111 was enacted, levying the special assessments necessary to pay for the improvement. This ordinance No. 111 said, in part, that "* * * there be and are hereby levied and assessed upon the lots and lands bounding and abutting upon said improvement * * * assessments * * * at the rate of $3.05 per front foot * * *." Nothing was said therein or in any other matter submitted to the trial court concerning the requirement of Section 3813, General Code (Section 727.02, Revised Code). This section provided for council to fix the value of lands such as those herein "at what council considers a fair average depth of lots in the neighborhood, so that it will be a fair average of the assessed value of other lots in the neighborhood."

At the hearing in this court, testimony was offered and received showing that the records of the village were corrected *nunc pro tunc* on May 27, 1954. This amendment and correction reads as follows:

"This council as of February 27, 1946, was offered, seconded and passed a resolution designating that the lands which were to be subjected to a front foot assessment for the proposed water improvement shall be considered as having a $10 per front foot valuation and that the depth of the lots which are to be subjected to the assessment, which lots are now in acreage, shall be to the depth of 200 feet. And this council under the authority of 48 Ohio Opinions, page 200, *State, ex rel. Clymer, a taxpayer, Appellant,* v. *Board of County Commissioners of Marion County, et al., Appellees,* recognize their power to correct incorrect minutes as shown by the clerk's records in previous minutes, herein and hereby does so."

There can be no question but that records of legislative facts are allowed to be changed after the time when they should have been made, in order to conform to the truth. See: *State, ex rel. Wuebker,* v. *Bockrath, et al., Trustees,* 152 Ohio St., 77, 87 N. E. (2d), 462; *State, ex rel. Clymer,* v. *Board of County Commrs.* 90 Ohio App., 549, 107 N. E. (2d), 552.

We accept the correction as presented to us. The effect of this correction is a matter for this court to determine.

The statute (Section 3813, General Code) in effect when this improvement was voted by the village council, said "* * * *council shall fix,* for the purpose of such assessment, *the value* of such lots as they stand and *of such lands* at *what* council considers a fair average depth of lots in the *neighborhood * * *.*" (Emphasis ours.) The council, by this section of the statute, were required to fix the value of the Early lands at what they (the council) considered a fair average depth of lots in the neighborhood where this land was located. The village council fixed a value of "$10 per front foot" on these lands, and they determined the depth of such lands to be so assessed at 200 feet. Are we bound by such determination as to value and depth?

A former similar statute concerning the assessment of lands not subdivded into lots (Title XII, Division 7, Chapter 4, Section 2269, Revised Statutes) provided for the fixing of the "value of such lots, or the value of the front of such land to the usual depths of lots, by the average of two blocks, one of which shall be next adjoining, on each side." It is probably

from this or similar early sections that the village council deemed it proper to fix a foot front valuation. We do not believe that such a method under the present section renders the assessment or proceedings void, since, by a matter of computation, the total value of the lands to be assessed may be determined.

When the village fixed 200 feet as the lot depth to which the assessment became effective, it was required to so fix such depth at "what council considers a fair average depth of lots in the neighborhood."

In fixing the value of the land and the fair average depth of such land, council cannot arbitrarily fix any value or any depth. Such action on the part of council must be realistic and have a fair relationship to the facts in respect to those matters as they exist in this village.

A plat of these premises, introduced in this court as an exhibit, shows that the house, on the lands herein, is within the 200-foot-depth fixed by council. A plat of lands showing several streets in the vicinity of the Early property shows the size of the lots in the village in the vicinity of this property. Immediately to the north, several lots are 208 feet in depth and of varying widths. Directly across State Street the lots are 150 feet in depth and only 25 feet in width. On an adjacent street to the north of the Early lands, the lots are approximately 165 feet deep by 50 feet in width.

Webster's New International Dictionary, Second Edition, defines "neighborhood" to be "3. Vicinity; a place or region near * * *. 4. The people living near one, or near one another; a community * * *. 5. A district or section * * *."

A glance at the plat maps of this village shows that: the council did not fix a fair average depth, but fixed a depth nearly equal to the greatest depth of lots next north of the Early property, and disregarded the lots directly across the street, and those facing on Rainbow Street but very close to this land. The 200-foot depth, of course, was fixed so as to include the house, for otherwise the improvement would have but very little value to Mr. and Mrs. Early.

When the Legislature changed the statute with reference to this type of assessment on unallotted lands, they adopted

the scheme of fixing the fair average depths of lands so situated from the "average of two blocks, one of which shall be next adjoining, on each side" (Section 2269, Revised Statutes, *supra*), to "the fair average depth of lots in the neighborhood," and thus indicated a broader base upon which to determine this average.

The average in the neighborhood is a matter of computation, and by such computation we determine that average to be 165 feet. This becomes, then, the fair average depth of the Early land subject to the water improvement assessment.

What, then, is the value of this land? The evidence is in very great conflict. We are sorry that a search of the tax maps was not made to trace the history of sales of land in this community and find their sales prices. We would have by that method a better way of finding the true value of lands in this village. We shall, however, attempt to reconcile the unusual and unfortunate discrepancies in value in order to see if the 33-1/3 per cent value requirement after improvement has been violated. See Section 3819, General Code, now Section 727.15, Revised Code.

One thing is certain in this case, and that is that there are many unsold vacant lots in this village. Some in this vicinity have been for sale for nearly 40 years; other lots on a side street are offered for sale by a real estate broker at $500 a lot, with no immediate prospect of sale. One lot on North State Street sold for $8 a foot front. This was purely hearsay, but it was permitted to stand by the trial court, and, since no objection was made to this statement of Mr. Firestone, we will consider the testimony along with other facts on value of lots in Spencer found in the transcript of testimony. One witness said that, in his opinion, the value of this land after the improvement, for a lot 100 feet by 165 feet, would average $5 a foot front. This witness fixed the value of lands nearest the center of town at $6 a foot front, and of lands near the corporation limits at $4 a foot front. Other witnesses fixed higher figures, and some witnesses fixed much lower figures.

We believe that the land herein, being 851.3 feet on South State Street in the village of Spencer, to an average depth of 165 feet, had a value, immediately after this improvement was

completed, of $4,256.50, or $5 a foot front, which would authorize a valid assessment of not to exceed $1,418.83.

We determine that the procedure by which the improvement was made and the assessment levied was in all other respects valid.

This court, therefore, under the statutory authority granted in Section 3901, General Code (now Section 727.57, Revised Code), fixes the proper total assessment to be levied on the lands herein at $1,418.83, which amount we determine to be within the limit of the special benefits conferred upon the property assessed. (Section 3819, General Code, now Section 727.15, Revised Code.)

The costs of this case, including costs of this appeal *de novo,* will be paid one-half by the appellants, and one-half by the appellee the village of Spencer.

*Judgment accordingly.*

STEVENS, P. J., and DOYLE, J., concur.