Loichot, Appellee, *v.* Allstate Development Corp. et al.,
Appellants.

[Cite as Loichot v. Allstate Dev. Corp. (1963),
33 Ohio App. 2d 121.]

(No. 3067—Decided December 30, 1963.)

*Mr. James W. Anderson, Mr. John P. Waltz, Mr. Virgil F. Mills,* and *Mr. W. M. Huebner,* for appellee.
*Mr. Sherwood Ake,* for appellants.

Hunsicker, P. J. This is an appeal on questions of law and fact lodged in this court from a judgment entered by the Common Pleas Court of Stark County, Ohio. A stipulation signed by counsel for the parties says:

"* * * the evidence to be presented on this appeal is included in the Bill of Exceptions and transcript of testimony and exhibits from the Court of Common Pleas and affidavit of Grover C. Zerbe which is admitted without objection * * *."

This stipulation was submitted after a motion by counsel for Bernard Loichot to strike "from the file of this appeal, the bill of exceptions heretofore filed in this appeal * * *."

Without considering whether the parties have used the correct phraseology with reference to the testimony, we do now conclude that such motion must be denied.

The within cause will be determined by this court upon the pleadings heretofore filed herein, and the evidence, including the exhibits, as stipulated by the parties.

Bernard Loichot, a resident and owner of land in Plain Township, Stark County, Ohio, seeks to perpetually enjoin Allstate Development Corporation and Bonabest Development Corporation from erecting certain buildings in the township; to declare a zoning certificate a nullity; and to enjoin the zoning inspector of Plain Township, C. J. Dornhecker, from "issuing any zoning certificate for the construction of commercial buildings on * * *" certain premises leased by one of the defendants, Allstate Development Corporation.

Plaintiff Loichot, in his petition, alleges, among other things, the following: the corporations above named have begun the construction of a strip-type shopping center on land that is zoned for single-family residences; the zoning inspector, C. J. Dornhecker, has issued to the corporations a zoning certificate in violation of the zoning resolution of Plain Township; the zoning certificate is null and void; that he, Loichot, an owner of real property in the immediate vicinity of the proposed shopping center will be especially damaged as to his health, welfare and safety; and that he has no adequate remedy at law.

The appellant corporations, by way of answer, admit that Loichot is the owner of land in, and a resident of, Plain Township, Stark County, Ohio, but deny that he owns real property in the immediate vicinity of the real property that is the subject of this action. The appellant corporations deny that Plain Township ever adopted a valid zoning resolution for the unincorporated area of such township, but say that if such resolution of November, 1960, is valid, then, since the real property in question was

zoned as B-1 "Neighborhood Business District," and never validly changed to an R-1 "Single Family Residence District," as alleged by the appellee, Loichot, the zoning certificate granted to them, and all action taken by them in advancing the construction of the shopping center, is lawful and proper.

The appellant corporations, by way of further answer, specifically deny that appellee will be especially damaged by any of the activities or claimed activities of the appellant corporations, and deny that he, Loichot, is a proper party to institute the within action, since he is not an adjacent or neighboring property owner within the purview of R. C. 519.24 and Article 18 of the Plain Township zoning resolutions.

Loichot filed, by way of reply, a general denial to the allegations of new matter set forth in the answer. On the issues thus made, the matter is presented to this court for determination.

We have then the following questions presented herein: First, the right of Loichot as a resident of Plain Township to institute this action; second, the validity of the original zoning resolution adopted by Plain Township, in November, 1960; third, the validity of a change of zoning requirements as to the real property herein, assuming that the original zoning resolution was validly enacted.

Counsel for the corporate appellants also claim that since some work had been done toward the construction of the shopping center, under the zoning certificate issued to them by Mr. Dornhecker, that the unfinished, unused shopping center is a nonconforming use. As to this feature of the case, there is not, under the circumstances herein, a nonconforming use established. *Smith* v. *Juillerat*, 161 Ohio St. 424.

We now direct our attention to the right of a township landowner to institute an action to enjoin a claimed violation of a township zoning resolution. If Bernard Loichot does not come within the terms of R. C. 519.24 and Article 18 of the Plain Township zoning resolution, he cannot maintain this action.

Article 18 of the Plain Township zoning regulations

designates the zoning inspector as the enforcement agent. Clearly, Bernard Loichot does not claim the right to file this action under such authority. We then pass to the provisions of R. C. 519.24. That section reads as follows:

"In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use. The board of township trustees may employ special counsel to represent it in any proceeding or to prosecute any actions brought under this section."

If Mr. Loichot is not, under the evidence, an "adjacent or neighboring property owner who would be especially damaged * * *" by reason of a violation of the township zoning regulation, then the instant action must be dismissed, and we need not consider the other claims set out by the appellants.

The Loichot residence is at 5315 Beverly Drive, formerly known as 5315 Ellenhurst Drive Northeast. This street lies southeast of North Market Avenue and Schneider Street, but does not intersect with Market Avenue or Schneider Street. The proposed shopping center is to be constructed on the southeast corner of Schneider Street and North Market Avenue. The Loichot property is approximately one-half mile south of this planned development and five hundred feet east of North Market Avenue. Beverly Drive does not directly connect with any street running to this proposed development, except that by passing over another street, an exit can be made onto North

Market Avenue, about two-fifths of a mile from the planned shopping center. There is a hill between the Loichot house and North Market Avenue and Schneider Street that will block most, if not all, of the view of the proposed shopping center from such house.

Is Bernard Loichot, under these facts, an "adjacent or neighboring property owner," and thus qualified to maintain the instant action?

The word "adjacent" has been defined by the courts of Ohio as follows: lying near, to lie near, close, or contiguous. It is a relative term, and its meaning must be determined in connection with the manner in which it is used. *Blum* v. *Hodapp*, 87 Ohio App. 45, at 49; *Cincinnati* v. *The Pittsburgh C. C. & St. L. Ry. Co.*, 30 W. L. B. 137 at 139; *West* v. *Hall*, 34 C. D. 403, *Dixon* v. *The Van Sweringen Co.*, 121 Ohio St. 56, at 68.

Webster's Third New International Dictionary defines adjacent as: "1a. not distant or far off * * * near-by but not touching * * * b. relatively near and having nothing of the same kind intervening: having a common border: abutting, touching: living nearby or sitting or standing relatively near or close together * * *."

It is apparent, then, that Loichot is not, under the facts of this case, an "adjacent property owner." Is he a "neighboring property owner"?

Neighboring is, in Webster's Third New International Dictionary, designated as an adjective, the present participle of neighbor, and means: "1. that [which] is immediately adjacent or near * * *."

The only Ohio case which we have found that defines neighboring is *Blum* v. *Hodapp, supra*. That case adopts the dictionary definition contained in a prior Webster's Dictionary.

Two Ohio Courts of Appeals cases define the word neighborhood in the terms used by the dictionary then in general use. See *Early* v. *Leatherman*, 100 Ohio App. 448, at 453; and *Brown* v. *Miami Valley Hospital Society*, 104 Ohio App. 53, at 62.

66 Corpus Juris Secundum 3 defines neighboring as:

"A word of indefinite meaning which may have either a narrow or a broad signification, depending on the circumstances and the subject matter. It is defined as meaning situated or residing near by; being in the vicinity; adjacent."

An examination of some of the authorities set out in 28 Words & Phrases (perm. ed.) indicate that the word neighboring has a more restricted meaning than neighborhood.

We are, therefore, compelled to find that Bernard Loichot is not an "adjacent or neighboring property owner" within the terms of R. C. 519.24 and, hence, cannot maintain the action herein. The petition must be dismissed at his costs.

We do not by the conclusion reached herein intend to indicate in any way our judgment upon the other matters that have been brought to our attention in this trial de novo.

*Petition dismissed.*

RUTHERFORD, P.J., and VAN NOSTRAN, J., concur.

HUNSICKER, J., of the Ninth Appellate District, sitting by designation in the Fifth Appellate District.