CARVER ET AL., APPELLANTS, *v.* BUCKEYE FIREWORKS AND NOVELTY CO., APPELLEE.

(No. 1486 — Decided July 26, 1985.)

*R.J. Kane,* for appellants.
*Leland Cole,* for appellee.

O'NEILL, J.   This case originated in the trial court when the present appellants filed a complaint praying for preliminary and permanent mandatory injunctions directed to the defendant. The complaint alleged that the plaintiffs were adjacent and neighboring property owners to property owned by the defendant. The complaint further alleged that the defendant was using its property in violation of the zoning ordinances of Deerfield Township. The matter came on for trial to the court on May 28, 1982. The plaintiffs stipulated their side of the case. The defendant presented some evidence and, at the conclusion of an interrupted trial, the trial court ruled as follows:

"The matter was submitted to the Court for final determination. The Court has read the pleadings and I must confess that I cannot recall the testimony of the prior hearing, therefore, I cannot make a determination as to whether any buildings should be ordered removed or not. So it is therefore the Order of this Court that any order directed to the removal of buildings is hereby denied.

"It is the further order of this Court that the defendants be enjoined from unlawfully erecting or constructing any buildings upon the premises located in Deerfield Township. It is the further order of the Court that the bond be released."

Essentially, the appellants argue upon appeal in their three assignments of error that the court should have reviewed all of the evidence and should have arrived at the conclusion that some buildings, erected on this property in question, were erected after the adoption of a zoning ordinance and in violation of that zoning ordinance.

Any adjacent or neighboring property owner may institute an action in injunction, mandamus, abatement, or any other appropriate action or proceedings, to prevent, enjoin, abate or remove any use made of realty in violation of a properly adopted zoning ordinance. (R.C. 519.24.) Among the stipulated exhibits apparently it can be judicially noticed that the original plaintiffs in this action could be classified as adjacent or neighboring property owners; however, there is an additional prerequisite. R.C. 519.24 further provides that the adjacent property owner or neighboring property owner, who can bring such an action, is only that adjacent or neighboring property owner who would be "especially damaged by such violation." Among the various stipulations in this case we can not find any stipulation by the plaintiffs that they are especially damaged by the alleged violation. In the case of *Loichot* v. *Allstate Dev. Corp.* (1963), 33 Ohio App. 2d 121 [62 O.O.2d 207], the Court of Appeals for Stark County declared that R.C. 519.24 established the requisites necessary for an adjacent or neighboring property owner to allege when bringing a cause of action such as the one at hand. R.C. 713.13 is a statute comparable to 519.24. The application is different in that R.C. 713.13 applies to municipal corporations. In part, that statute reads as follows:

"* * * [T]he owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation."

38

In the case of *McVey* v. *Reichley* (1957), 105 Ohio App. 319, 321 [6 O.O.2d 105], the court ruled, "[i]f the plaintiff fails to show special damage, injunctive relief should be denied."

It is our conclusion upon review of the evidence in this case that the injunctive relief prayed for by the plaintiffs should have been denied by the trial court.

Accordingly, pursuant to App. R. 12(B), it is this court's determination that the judgment and final order of the trial court should be modified to read "Demand for Injunctive Relief Denied. This judgment shall become final upon its filing with the Clerk of Courts of Portage County, Ohio."

*Judgment reversed.*

DONOFRIO and WISE, JJ., concur.

O'NEILL and DONOFRIO, JJ., of the Seventh Appellate District, and WISE, J., of the Fifth Appellate District, sitting by assignment in the Eleventh Appellate District.